Wali MUHAMMED v. STATE of Arkansas

CR 89-168                                               776 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*John Wesley Hall, Jr.* and *Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Wali Muhammed, formerly a member of the bar, was charged with and convicted of second degree forgery and theft by deception. The case was certified to this Court by the Court of Appeals as one involving the interpretation of an act of the General Assembly. We affirm the convictions.

At the time of the criminal acts, appellant's license to practice law in state courts had been suspended, but his federal license was still valid. Accordingly, appellant represented a Thomas Phillips in federal bankruptcy court, in a Chapter 13 proceeding, but did not represent him in a concurrently pending chancery court action.

In the chancery action Lomas & Nettleton interpleaded money which it knew belonged to either Phillips, Aetna Insurance Company, or a person named Bogard. The chancellor had not decided how the money should be disbursed. Appellant asked the chancery court clerk to give the money to him. The clerk refused. Appellant then prepared a precedent releasing the funds to his client, Phillips, and asked the clerk to present the precedent to the chancellor. The clerk refused. Appellant then presented the precedent to the chancellor who refused to sign it because she had not yet decided how the funds were to be disbursed.

A week later appellant prepared a precedent for the bankruptcy judge. This precedent provided that the funds in chancery

court were interpleaded solely for Phillips and should be released to Phillips. The bankruptcy judge refused to sign the precedent and stated that he would sign it only if it provided that the money was to be paid to the Chapter 13 trustee. Appellant agreed. In the presence of appellant, the bankruptcy judge scratched out Phillips' name on the original precedent and added language that the funds were to be released to the "Ch. 13 Trustee, pending further order of this court." The interlineation was made only on the original precedent. Unfortunately, the bankruptcy judge also signed copies which were not interlined. The appellant took the copy of the order without the interlineation to the chancery clerk's office and asked for the money. The clerk then issued a check for $842.66 payable to appellant's client, Phillips. The check was deposited in the checking account of Arkansas Business Interchange, Inc. The signator for that account was appellant's wife.

Appellant first argues that the State's evidence on the forgery count was insufficient as a matter of law because the State did not present evidence that the signature of the bankruptcy judge was unauthorized. The short answer is that the State did not have to make such proof in this case. The code definition of forgery now includes the crimes previously known as forgery and as uttering. *See Mayes* v. *State*, 264 Ark. 283, 571 S.W.2d 420 (1978).

Ark. Code Ann. § 5-37-201 provides in pertinent part:

> (a) A person forges a written instrument if with purpose to defraud he . . . *utters* any written instrument *that purports to be . . . the act of a person who did not authorize that act.*
>
> . . .
>
> (c) A person commits forgery in the second degree if he forges a written instrument that is:
>
> . . .
>
> (2) A public record, or an instrument filed or required by law to be filed, or one legally entitled to be filed in a public office or with a public servant;

" 'Utter' means to transfer, pass, or deliver . . . to another person any written instrument, or to attempt to do so." Ark. Code Ann. § 5-37-101(7). "The delivery . . . of a paper, document or other material containing written or printed matter or its equivalent that purports to be . . . the act of a person who did not authorize the act and that may evidence, create, transfer or otherwise affect a legal right, interest, or status constitutes uttering under that section." *Mayes* v. *State*, 264 Ark. 283, 571 S.W.2d 420 (1978).

■ Here, appellant passed or delivered a written instrument which was entitled to be filed in a public office and which purported to be the act of the bankruptcy judge releasing money to Phillips, when in fact, the judge did not release the funds to Phillips, but instead released them to the trustee. Such an act fits within the above quoted statutory description of forgery.

The appellant next argues that the trial court erred in denying his motion for a directed verdict on the theft by deception count because the State failed to offer proof that appellant's client, Phillips, did not authorize appellant's control over the funds.

Ark. Code Ann. § 5-36-103(a)(2) provides:

(a) A person commits theft of property by deception if he:

(2) Knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.

■■ Here, the bankruptcy trustee was the person authorized to have custody and possession of the money. The money did not belong to appellant, so obviously it was "the property of another person." The deception is readily apparent from the stated facts. The real issue is whether the trustee's right of control and possession satisfied the "owner" requirement of the statute. The answer is yes. We have long held that the statutory requirement of ownership in theft statutes is satisfied by one's having a right of possession and control. *State* v. *Esmond*, 135 Ark. 168, 204 S.W. 210 (1918), and cases cited therein. The word "owner" had this meaning when the current criminal code was enacted. When the General Assembly uses a word with a fixed

meaning, the word is presumed to have been used in that sense. *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W.2d 565 (1979).

Affirmed.