STATE of Arkansas *v.* Willie Edward JOSHUA

CR 91-126 · 818 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered October 28, 1991
[Rehearing denied December 16, 1991.]

80

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen. for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J.Marczuk*, Deputy Public defender, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the interpretation of Ark. Code Ann. § 5-13-202 (a)(4)(C)(1987), which provides as follows:

(a)   A person commits battery in the second degree if:

*       *       *       *

(4)   He intentionally or knowingly without legal justification causes physical injury to one he knows to be:

*       *       *       *

(C)   An individual sixty (60) years of age or older or twelve (12) years of age or younger; . . . .

On February 26, 1991, the appellee, Willie Edward Joshua, was charged by amended felony information with battery in the second degree on the allegation that he caused injury on July 11, 1990, to Bobby Johnson, Jr., a minor who he knew to be twelve years of age or younger.

At a pretrial hearing in the Pulaski County Circuit Court on March 1, Joshua made an oral motion to dismiss on the basis that Bobby Johnson was twelve years, five months, and four days old at the time of the incident and, therefore, did not come within the definition of the statute. The trial court announced from the bench that Joshua's motion would be granted and subsequently entered the corresponding order on March 8, 1991.

The appellant, State of Arkansas, asserts a single point of

error on appeal and argues that the trial court erred when it concluded that an individual who has attained his twelfth birthday, but who has not yet reached his thirteenth birthday, is not an individual "twelve years of age or younger" for purposes of application of the definition of second degree battery as set forth in section 5-13-202 (a)(4)(C). We find that the State's argument has merit.

In interpreting statutes, our basic rule is to give effect to the intention of the legislature, *Fairchild* v. *State*, 286 Ark. 191, 690 S.W.2d 355 (1985), making use of common sense, *Henderson* v. *Russell*, 267 Ark. 140, 589 S.W.2d 565 (1979), and assuming that when the legislature uses a word that has a fixed and commonly accepted meaning that the word at issue is presumed to have been used in its fixed and commonly accepted sense. *Muhammed* v. *State*, 300 Ark. 112, 776 S.W.2d 825 (1989); *Bass* v. *State*, 285 Ark. 341, 686 S.W.2d 441 (1985). We interpret the statute at issue in such a way as to give meaning and effect to every word in the statute, *Locke* v. *Cook & Cook*, 245 Ark. 787, 434 S.W.2d 598 (1968), but even penal statutes should not be interpreted so strictly as to reach absurd consequences that are clearly contrary to legislative intent. *Russell* v. *State*, 295 Ark. 619, 751 S.W.2d 334 (1988).

The interpretation of similar statutes in other jurisdictions has produced divergent views. *Compare State* v. *Carlson*, 223 Neb. 881, 394 N.W.2d 669 (1986) (the Supreme Court held that as used in a statute setting forth the crime of sexual assault of a child, the phrase "fourteen years of age or younger" designated persons whose age is less than or under 14 years, and also designated persons who have reached or passed their 14th birthday but have not yet reached their 15th birthday); *People ex rel. Makin* v. *Wilkins*, 22 A.D.2d 497, 257 N.Y.S.2d 288 (1965) (the court held that a child 10 years and 3 months of age was "a child ten years of age" until such child reached its 11th birthday, so that the felony provisions of the questioned statute were activated); *State* v. *Hansen*, 404 So.2d 199 (Fla. App. 1981) (the Supreme Court adopted the rationale of the court of appeals when it found that an 11 year, 3 month old victim was within the plain language of the statute addressing the sexual battery of "a person 11 years of age or younger"); and *Phillips* v. *State*, 588 S.W.2d 378 (Tex. Crim. App. 1979) (the court held that the

statutory language, "a child who is 14 years of age or younger," included in its protection all children who had not attained their fifteenth birthday and protected the 14 year, 1 month, and 5 days old victim in that case), *with State* v. *Jordan*, 528 A.2d 731 (R.I. 1987) (the Supreme Court held that the phrase "thirteen years of age or under," as used in a first-degree child molestation sexual assault statute, referred only to victims who were assaulted on or before their 13th birthday, and not to victims who were between 13 and 14 years of age at the time of the assault); *State* v. *McGaha*, 306 N.C. 699, 295 S.E.2d 449 (1982) (the Supreme Court held that for purposes of the statute defining a sex offense in the first degree as engaging in sex with a child "of the age of 12 years or less," that once a child passed his twelfth birthday he was over 12 years of age); and *Knott* v. *Rawlings*, 250 Iowa 892, 96 N.W.2d 900 (1959) (the Supreme Court held that under the statute prohibiting the commission of lascivious acts with "a child of the age of sixteen years, or under," a child who was 16 years, 6 months and 3 days old, was not 16 years or under as that phrase was used in the statute).

In *State* v. *Carlson, supra*, the Supreme Court of Nebraska based its decision on the following rationale:

> If "less than fourteen years of age" or "under fourteen years of age" had been used in [the statute], the protection of that statute would terminate when a child reached the 14th birthday. Because "less than" or "under" is absent from [the statute], while fourteen years of age or younger" appears in the statute, the compelled logical conclusion is that the statute's protection extends into and throughout the year immediately following a person's 14th birthday. When the plain and unambiguous language of [the statute] is considered, to the ordinary person "fourteen years of age" means that one has passed the 14th birthday but has not reached the 15th birthday. Thus, "fourteen years of age" is a temporal condition existing on the 14th birthday and continuing until the 15th birthday. Any other construction of "fourteen years of age" would be a perversion of popular parlance.

(Citations omitted.)

We agree with this reasoning and hold that the phrase

"twelve years of age or younger," as used in section 5-13-202(a)(4)(C), designates persons whose age is less than or under twelve years, as well as persons who have reached and passed their twelfth birthday but have not reached their thirteenth birthday.

As an additional matter, Joshua contends in his brief that the State's appeal should be dismissed because the State filed its notice of appeal sixteen minutes before the trial court filed its final order.

We noted in *Edmonds* v. *State*, 282 Ark. 79, 665 S.W.2d 882 (1984) (citing *Caskey* v. *Pickett*, 272 Ark. 521, 615 S.W.2d 359 (1981)), that a notice of appeal must be filed within 30 days from entry of the judgment, decree or order appealed from, and even if the appeal is filed before entry of judgment, it is treated as being filed on the date the judgment was entered. Consequently, the State's notice of appeal was timely.

However, the United States Supreme Court has held in *Finch* v. *United States*, 433 U.S. 676 (1977), that jeopardy attached where the trial court held, on an agreed statement of facts, that the information failed to state an offense and dismissed the case without a formal finding of guilt or innocence. Here, as in *Finch*, the trial court held under the stipulated facts that the defendant did not come within the language of the statute at issue and dismissed the case. In substance, that was a judgment of acquittal on the facts, and once a defendant has been acquitted, he cannot be retried regardless of how "egregiously erroneous" the legal ruling leading to that acquittal may be. *Sanabria* v. *United States*, 437 U.S. 54, 75 (1978) (citing *Fong Foo* v. *United States*, 369 U.S. 141 (1962)).

Error declared.