Frank GIACONA *v.* STATE of Arkansas

CA CR 91-267                                      839 S.W.2d 228

Court of Appeals of Arkansas
Division I
Opinion delivered October 14, 1992
[Supplemental Opinion on Denial of Rehearing
December 23, 1992.*]

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

---

*Mayfield, J., would grand rehearing.

JUDITH ROGERS, Judge. In a jury trial, the appellant, Frank Giacona, was convicted of manslaughter, a violation of Ark. Code Ann. § 5-10-104(a)(3) (1987), and was sentenced to a term of five years in prison. On appeal, appellant contends that the trial court erred in denying his motion for a new trial in which he alleged ineffective assistance of counsel. Because we find that appellant's notice of appeal was untimely, we dismiss the appeal.

The trial court entered its judgment and commitment order on July 13, 1989. A motion for a new trial on grounds of ineffective assistance of counsel was filed on August 10, 1989. However, the trial court struck the motion from the record by order of August 29, 1989, for the reason that the attorney who had presented the motion had not been properly substituted as appellant's counsel. Appellant then sought a writ of mandamus before the supreme court. On September 15, 1989, the supreme court issued its mandate denying the writ without prejudice, giving appellant leave to petition the trial court to reconsider his motion for a new trial. On September 22, 1989, the trial court allowed the substitution of counsel, and on September 28, 1989, the trial court entered an order reinstating appellant's motion for a new trial. The trial court entertained appellant's motion at a hearing held on October 23, 1989. The court entered an order denying appellant's motion on April 10, 1991; appellant's notice of appeal was filed on April 26, 1991.

Rule 4(c) of the Arkansas Rules of Appellate Procedure provides that when post-trial motions are filed, the time for appeal runs from the entry of the order granting or denying the order provided, "that if the trial court neither grants nor denies the motion within thirty days of its filing, the motion will be deemed denied as of the 30th day." The rule also provides that a notice of appeal must be filed in thirty days from the entry of the order disposing of the motion or, in the event that the motion is deemed denied after thirty days, a notice of appeal must be filed in thirty days from that denial. Ark. R. App. P. 4(d).

In recent weeks, the State submitted motions to dismiss the criminal appeals of *Clay* v. *State*, CACR92-547, and *Stuart* v. *State*, CACR92-533. These motions were based on the contention that the notices of appeals had not been timely filed from the denial of the appellants' post-trial motions for a new trial. Rule 4

of the Rules of Appellate Procedure was cited by the State as authority for dismissal. We certified these motions pursuant to Rule 29(1)(c) of the Rules of the Supreme Court and Court of Appeals, noting an apparent conflict between Rule 4 and Rules 36.9 and 36.22 of the Rules of Criminal Procedure. On September 21, 1992, the supreme court granted the State's motions to dismiss in both cases.

■■■■ In this case, pursuant to Rule 4(c), appellant's motion for a new trial was deemed denied on October 30, 1989[1], thirty days after the reinstatement of appellant's motion for a new trial. Under Rule 4(d), appellant had thirty days from that date in which to file a notice of appeal. As it happens, appellant's notice of appeal was not filed until April 26, 1991, some eighteen months later. Consequently, the notice of appeal was untimely. The timely filing of a notice of appeal is, and always has been, jurisdictional. *Larue* v. *Larue*, 268 Ark. 86, 593 S.W.2d 185 (1980). Additionally, whether the question is raised by the parties or not, it is not only the power, but the duty, of a court to determine whether it has jurisdiction of the subject matter. *Hawkins* v. *State Farm Fire & Casualty Co.*, 302 Ark. 582, 792 S.W.2d 307 (1990). We dismiss the appeal without prejudice for appellant to petition the supreme court for permission to file a belated appeal.

Dismissed.

COOPER, and JENNINGS, JJ., agree.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
DECEMBER 23, 1992

844 S.W.2d 381

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

---

[1] The thirty-day period expired on Saturday, September 28, 1989. According to Rule 9 of the Rules of Appellate Procedure, the period was extended to Monday, October 30.

PER CURIAM. Petition for rehearing is denied.

MELVIN MAYFIELD, Judge. This court has today denied appellant's petition for rehearing in the above case. I do not agree. I think the petition for rehearing should be granted, and we should certify the case to the Arkansas Supreme Court based upon the following considerations:

*First*: On September 28, 1989, after petitioner was given leave by our supreme court to petition the trial court to reconsider his motion for new trial, the trial court entered an order reinstating petitioner's motion. The trial court heard the motion on October 23, 1989. For reasons unknown to us, an order denying petitioner's motion was not entered until April 10, 1991, some eighteen months later. Petitioner filed a notice of appeal to this court on April 26, 1991, and on October 14, 1992, we dismissed the appeal finding that petitioner had not filed a notice of appeal within 30 days after his motion for new trial and that, pursuant to Appellate Procedure Rule 4(c), appellant's motion for new trial was deemed denied 30 days after the reinstatement of his motion.

*Second*: Appellate Procedure Rule 4 provides in section (a) that, except as otherwise provided in subsequent sections of the rule, a notice of appeal must be filed within 30 days from the entry of the judgment, decree, or order appealed from. Sections (b) and (c), when considered together provide, among other things, that the time for filing notice of appeal shall be extended upon the filing in the trial court of a motion for a new trial under Civil Procedure Rule 59(b).

*Third*: Civil Procedure Rule 59(b) provides that a motion for a new trial shall be filed not later than 10 days after the entry of judgment. Civil Procedure Rule 1 provides that the civil procedure rules govern the procedure in all suits or actions of a *civil* nature.

*Fourth*: Criminal Procedure Rule 1.2 provides that the criminal procedure rules shall govern the proceedings in all criminal cases. Criminal Procedure Rule 36.9 provides that a person desiring to appeal a judgment or order shall file a notice of appeal within 30 days from the date of sentence and entry of judgment or order denying post-conviction relief by the trial judge. Criminal Procedure Rule 36.22 provides a person convicted of either a felony or misdemeanor may file a motion for new

trial prior to the time fixed to file a notice of appeal (30 days under Rule 36.9). This rule does not specify a limitation on the time a trial court must dispose of a motion for new trial and does not contain the "deemed denied" provision contained in Appellate Procedure Rule 4(c).

*Fifth*: I do not believe Criminal Procedure Rule 36.22 should be read in conjunction with the "deemed denied" provision of Appellate Procedure Rule 4(c). This is inconsistent in that Rule 4(b) is specific in listing only three post-trial motions that extend the time for filing notice of appeal; had our supreme court intended this rule to apply to criminal cases, I believe it would have said so. The "deemed denied" provision of Rule 4(c) specifically states "if a timely motion listed in section (b) of this rule is filed in the trial court" and the trial court neither grants nor denies the motion within 30 days of its filing the motion will be "deemed denied." Moreover, Civil Procedure Rule 59(b) requires a motion for new trial to be filed within 10 days after entry of judgment; whereas, under Criminal Procedure Rule 36.22 a person convicted of a felony or misdemeanor may file a motion for new trial within 30 days after entry of judgment. Thus not only does Appellate Procedure Rule 4 conflict with Criminal Procedure Rule 36.22, but Civil Procedure Rule 59(b), one of the motions listed in Appellate Procedure Rule 4, also conflicts with Criminal Procedure Rule 36.22.

Therefore, I would grant the petition for rehearing and certify this case to our supreme court under Rule 29(1)(c) of the Rules of the Arkansas Supreme Court and Court of Appeals.

I also note that our opinion in this case cited two nonpublished decisions. This appears to conflict with Arkansas Supreme Court and Court of Appeals Rule 21(4). *See also Aaron* v. *Everett*, 6 Ark. App. 424, 426, 644 S.W.2d 301, 302 (1982).