Barbara KELLEY, Records Supervisor, Diagnostic Unit;
Charlotte Sumner, Records Coordinator, Arkansas
Department of Corrections *v.* Wardell WASHINGTON

92-588                                            843 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered November 9, 1992

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Senior Asst. Att'y Gen., for appellant.

*Appellee*, pro se.

ROBERT L. BROWN, Justice. The appellants, who are records personnel with the Arkansas Department of Correction and the Department itself, raise two issues in this appeal: 1) whether the Pulaski County Circuit Court lacked jurisdiction to amend its judgment to run its sentence consecutively to previous sentences; and 2) whether the Jefferson County Circuit Court erred in computing parole eligibility based on time served in a federal institution. We affirm in part and reverse in part and remand.

On July 2, 1975, appellee Wardell Washington was convicted in Pulaski County Circuit Court of possession of heroin and intent to deliver heroin. He was sentenced to fifteen years and five years, respectively, to be served concurrently. On that same date, Washington was also convicted in federal court of the offense of delivering heroin, arising out of the same incident, and sentenced to fifteen years. He was subsequently incarcerated in the Federal Correctional Facility in Texarkana, Texas. His state sentences were to run concurrently with his federal sentence so that a day served in the federal institution would also reduce his state sentences by a day.

In 1987, while on parole from the federal institution, Washington forged several checks, which resulted in two state court convictions. On August 22, 1988, he was convicted in Jefferson County Circuit Court of second degree forgery and was sentenced to fifteen years to be served concurrently with the remainder of his 1975 state sentences and consecutively with the remainder of his 1975 federal conviction. His parole was revoked due to this conviction.

On May 9, 1989, Washington was convicted in Pulaski

County Circuit Court of second-degree forgery and sentenced to thirty years to be served concurrently with the 1975 state sentences and consecutively with the 1975 federal sentence. At this time, Washington had thirteen months and twenty-three days left to serve on his 1975 state convictions, which meant that the sentences would expire on July 2, 1990. He was still imprisoned in the federal facility.

On June 20, 1990, Washington completed his federal sentence and was taken, for the first time, to the Arkansas Department of Correction. Shortly after arriving at the Department, Washington petitioned the Pulaski County Circuit Court to amend his 1989 sentence to run that sentence consecutively to his 1975 state convictions. On September 10, 1990, the circuit court entered an order amending the original sentence and granting Washington the relief requested.

On February 8, 1991, Washington filed a petition for writ of mandamus and declaratory judgment in Jefferson County Circuit Court, requesting that the 1975 sentences, the 1988 sentence in Jefferson County, and the 1989 sentence in Pulaski County be considered as consecutive sentences which would allow cumulative treatment under our decision in *Bosnick* v. *Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984). He then petitioned for an amended order from the Pulaski County Circuit Court to run the 1989 sentence consecutively to the 1975 state sentences. When Washington did so, however, he failed to tell that court that he had been convicted in Jefferson County for forgery and sentenced to fifteen years in 1988. Because of this, the Pulaski County Circuit Court's order of September 10, 1990, did not run the 1989 sentence consecutively to the Jefferson County sentence. In order to correct the matter further, Washington made an oral motion to the Pulaski County Circuit Court to amend its order to include the fact that its 1989 sentence should also run consecutively to the 1988 Jefferson County sentence. The Pulaski County Circuit Court then issued the requested amended order on February 13, 1992.

After issuing that amended order, the Jefferson County Circuit Court decided the petition in Washington's favor under *Bosnick* v. *Lockhart* and calculated his total sentence as a single commitment for sixty years with one-third to serve for parole

eligibility under then-existing law, which was Act 50 of 1968. The Department has now appealed from the circuit court's order.

The Department first contends that the Pulaski County Circuit Court lacked jurisdiction to amend its 1989 sentence and run it consecutively to the 1975 Arkansas judgments. The circuit court amended its judgment in response to Washington's motion which was made within 120 days after the conviction was affirmed. The circuit court noted in its order that its first sentence was a legal sentence imposed in an illegal manner and that it could be corrected if the motion requesting relief was filed within 120 days of affirmance by the appellate court. Here, Washington's motion to correct the sentence was filed 96 days after affirmance. But a mere filing of the motion does not suffice. The statute clearly reads that the *correction* of a sentence imposed in an illegal manner must occur within 120 days "after receipt by the court of a mandate issued upon affirmance . . . ." *See* Ark. Code Ann. § 16-90-111 (Supp. 1991); *see also Fritts* v. *State*, 298 Ark. 533, 768 S.W.2d 541 (1989).

■■ It is clear that a circuit court only retains jurisdiction to correct or modify a sentence for this 120 day period, and that after the sentence is placed into execution, the court loses jurisdiction. *See Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). Here, however, the record is silent on when the mandate was received by the court. The record does reflect that the order correcting the sentence was issued on September 10, 1990—145 days *after the affirmance of the sentence* on April 18, 1990. The mandate, though, could not be issued sooner than seventeen days after that affirmance under Supreme Court Rule 22, and since a motion for reconsideration could have delayed the mandate even further, we cannot say with any certainty that the Pulaski County Circuit Court's first order running the thirty-year sentence consecutively to the 1975 state sentences was outside of the 120 day time limit for jurisdiction. By failing to show when the circuit court received the mandate, the Department simply failed to prove facts sufficient to sustain lack of jurisdiction in that court.

■ We, further, do not agree with the Department that the applicable statute used by the Pulaski County Circuit Court to assess consecutive punishment was inappropriate. *See* Ark. Code Ann. § 16-93-607(e)(1) (1987). That statute reads:

When any convicted felon, while on parole, is convicted of another felony, the felon shall be committed to the Department of Correction to serve the remainder of his original sentence, including any portion suspended, with credit for good-time allowances. Upon conviction for the subsequent felony, the court shall require the sentence for the subsequent felony to be served consecutively with the sentence for the previous felony.

It is true that the statute speaks in terms of revoking parole and returning to the Department of Correction. We can discern no material difference, though, between parole from a state sentence and parole from a federal institution where the defendant is serving state time concurrently with the federal sentence. Since this is the case, the Pulaski County Circuit Court's order providing that its thirty-year sentence should run consecutively to the 1975 state sentences was not in error.

We do not agree, however, that the Pulaski County Circuit Court had jurisdiction to issue its second amended order dated February 13, 1992, running the thirty-year sentence consecutively to the Jefferson County Circuit Court's sentence of fifteen years for forgery. The circuit court offered the following rationale for retaining jurisdiction:

However, due to the specific finding that there was a fraud perpetrated upon this Court and by the express waiver of any procedural defect announced on the record by this defendant in the aforementioned hearing in Jefferson County and by the express waiver on behalf of the state of Arkansas by and through its Assistant Attorney General Olan Reeves, this Court is of the opinion that it may enter its amended order as set forth herein.

That amended order, however, was clearly outside of the 120 days from the date the circuit court received the mandate, and waiver of the parties cannot confer subject matter jurisdiction. *Hargis* v. *Hargis*, 292 Ark. 487, 731 S.W.2d 198 (1987). Nor can Washington's failure to advise the Pulaski County Circuit Court of his Jefferson County conviction be a basis for retention of jurisdiction. Hence, by the time of its second amended order the circuit court had lost jurisdiction to change its original sentence. Accordingly, to the extent that the Jefferson County Circuit Court's

supplemental order dated March 16, 1992, which calculates parole eligibility, relies on the Pulaski County Circuit Court's invalid amended order, it is reversed.

■ The Department next contends that because Washington served time for the 1975 state offenses in a federal institution as opposed to the Department of Correction, he could not receive credit for state parole eligibility purposes while so serving. Again, we disagree. Suffice it to say, Washington was serving his state time for the 1975 convictions concurrently with federal time for the same offense in a federal institution. This is not a situation such as we had in *Brown* v. *Lockhart*, 288 Ark. 483, 707 S.W.2d 304 (1986), where an inmate sought to calculate parole eligibility using a prior federal conviction. Because the state and federal sentences were being served simultaneously in the present case, it was appropriate for the Jefferson County Circuit Court to calculate eligibility based on the 1975 convictions irrespective of whether Washington was physically present in the Arkansas Department of Correction.

■ The Department finally argues that the 1975 state sentences had expired by May 9, 1989, when Washington was sentenced to thirty years by the Pulaski County Circuit Court. But that is incorrect. The 1975 state sentences had not expired on May 9, 1989, as the Pulaski County Circuit Court's order correctly points out. On that date, Washington had thirteen months and twenty-three days left on the 1975 state sentences, for an expiration date of July 2, 1990. The circuit court subsequently corrected its 1989 sentence to run it consecutively to the 1975 state sentences. It did not err in doing so.

In sum, we cannot say, based on the proof before us, that when the Pulaski County Circuit Court first corrected its original thirty-year sentence to run that sentence consecutively to the 1975 state sentences, it acted outside of the 120-day period for extending jurisdiction. That court was, however, without jurisdiction to run that same sentence consecutively to the 1988 Jefferson County Circuit Court sentence of fifteen years because it did so clearly after the 120 days had expired. Otherwise, the Jefferson County Circuit Court was correct in stating the formula for parole eligibility under *Bosnick* v. *Lockhart, supra*, and Act 50 of 1968.

Affirmed in part. Reversed in part and remanded for an order consistent with this opinion.