Robert Earl TUCKER, Jr. *v.* STATE of Arkansas

CR 92-1252                                    844 S.W.2d 335

Supreme Court of Arkansas
Opinion delivered January 11, 1993

*Maxie Kizer*, for appellant.

No response.

PER CURIAM. Robert Earl Tucker has filed a motion for rule on the Clerk contending it was error for the Clerk to refuse to docket his appeal from a burglary conviction. The Clerk properly declined the appeal because Tucker's notice of appeal was untimely. If we were simply to deny the motion, Tucker's counsel could then seek a belated appeal. Rather than require that additional procedure, we choose to treat the motion now before us as one for belated appeal and to grant it.

Tucker was convicted of burglary and sentenced as an habitual offender on July 21, 1992. He filed his notice of appeal July 23, 1992. Judgment was not entered, however, until July 24, 1992. Tucker filed a second notice of appeal on September 8, 1992. The Clerk correctly refused to lodge the transcript with this Court. The first notice was ineffective because it was premature. *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). The second notice was more than 30 days after entry of the judgment and thus too late. Ark. R. App. P. 4(a).

Our decision in the *Kelly* case overruled the holding in *State*

v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1992), which was to the effect that a notice of appeal filed prior to entry of judgment is to be treated as being filed when judgment is entered.

If this were a case in which the attorney had, by inadvertence, failed to file a timely notice of appeal, we would grant the rule and forward the attorney's name to the Committee on Professional Conduct under the authority of *Harkness* v. *State*, 264 Ark. 561, 572 S.W.2d 835 (1978). This is not such a case.

In *Harkness* v. *State, supra*, we pointed out that if we did not grant a belated appeal in a case where a lawyer had inadvertently missed the 90-day deadline for docketing the record in a criminal case with this Court, the defendant would be able to obtain a new trial or belated appeal on the basis of ineffective assistance of counsel. In civil cases we routinely deny such motions, as there is no Sixth Amendment consideration.

In a per curiam order subsequent to the *Harkness* decision we outlined the procedure to govern in criminal cases when the appeal was untimely without good reason. We said we would take the practical measure of allowing the appeal to be filed and would forward the name of the inadvertent counsel to the Committee on Professional Conduct. Here is the last paragraph of that per curiam order:

> The controlling rule provides: "The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, *when a good reason for the omission is shown by affidavit*." (Italics supplied.) Rules of Criminal Procedure, Rule 36.9. The purpose of the exception, to take care of hardship cases, is being disregarded, in that counsel tender out-of-time transcripts without a good reason for the delay. In order to put the responsibility where it belongs, on the shoulders of the lawyer who is at fault, hereafter when no good cause for the error is shown, the court will publish a per curiam order allowing the appeal, giving the name of the lawyer, and stating why no good reason has been shown for the omission. A copy of the order will be sent to the court's Committee on Professional Conduct, to be kept in its files for the Committee's information if any complaint of any

kind should later be filed against that lawyer.

■ In this case there is, as Ark. R. Crim. P. 36.9 requires, a "good reason" for the failure to file the appeal. There has been some justifiable confusion about whether our decision in the *Kelly* case, which was civil in nature, applies to criminal appeals as well. This is not a case of inadvertence to which the *Harkness* decision and our explanatory per curiam order apply. Treating the motion as one for belated appeal pursuant to Rule 36.9, we find good reason to grant the motion.

Motion for belated appeal granted.

HOLT, C.J., and BROWN, J., dissent.

ROBERT L. BROWN, Justice, dissenting. Our procedures are defective when we make a sweeping rule change in an opinion and expect compliance from lawyers before any possibility of notice of that change has gotten out to the legal community. The effect is akin to mandating compliance with a rule before its promulgation.

In this case, Tucker was convicted on July 21, 1992. He filed his notice of appeal two days later on July 23, 1992. Judgment was not entered, however, until July 24, 1992. Eleven days prior to entry of judgment, we held in an unrelated case that this violated Appellate Rule 4 because the notice of appeal was filed before entry of judgment. *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992).

*Kelly*, however, was a civil case which overruled a criminal case, *State* v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991), on this point. Thus, the import of *Kelly* was that it interpreted an appellate rule to apply to criminal appeals when we had not done so as recently as nine months previously in *Joshua*.

The *Kelly* decision had not had time to appear in the Arkansas Advance Reports when the Tucker facts occurred, because the Tucker notice of appeal and judgment took place within ten or eleven days of that decision. In sum, we made a significant change in appellate procedure affecting *criminal* appeals. We did so in a *civil* case. And there was no notice of change to the bar at the time of the Tucker facts.

Now in this per curiam order, we apply a Band-Aid solution

and say that we will treat this motion for rule on the clerk as a motion for belated appeal even though no affidavit of good reason accompanied the motion as required by Ark. R. Crim. P. 36.9. What we should do with a major *rule* change — even one embodied in an opinion such as in *Kelly* — is publish a per curiam order with an effective date for the rule so that notice is assured to be given to the bar and attorney error thereafter has some basis in reality.

I would grant the motion for rule on the clerk.

HOLT, C.J., joins.