Frances WATSON *v.* STATE of Arkansas

CR 93-536                                                      856 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered June 7, 1993

*Reginald S. McCullough*, for appellant.

No response.

PER CURIAM. The appellant, Frances Watson, petitions the court for a rule on the clerk. The clerk refused to file her record because her notice of appeal was filed before the judgment in her case was entered. We hold that the clerk was correct in refusing the record and deny the motion for rule on the clerk.

Watson was convicted of the first degree battery of a child in her care, seven year old Daniel Toric, on October 29, 1992, and sentenced to thirty years imprisonment. Notice of appeal was filed that same day, but the original judgment was not filed until November 3, 1992. An amended judgment was thereafter filed on November 13, 1992. Watson's counsel attempted to file the transcript with this court on April 22, 1993, but the Clerk correctly refused to lodge the transcript with this Court.

Watson's counsel claims that he was never mailed a copy of the judgment in this matter. He explains that since Pulaski County does not mail or transmit a copy of the judgment to the defendant or counsel, he has made it his practice to file a notice of appeal in Pulaski County within thirty days from the date of trial. In this case, however, he filed the notice of appeal on the same day as the conviction but before the judgment was entered. This premature filing of the notice of appeal renders it ineffective.

■ Arkansas Rules of Appellate Procedure 4(a) provides in pertinent part that a notice of appeal shall be filed within thirty days *from* the entry of judgment. *Tucker* v. *State*, 311 Ark. 446, 844 S.W.2d 335 (1993). As a result, Watson's notice of appeal was both untimely and unacceptable for purposes of appeal. This court *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964, (1979) issued a per curiam with reference to belated appeals stating that when counsel had miscalculated the time limits for filing the record in this court, we would permit the case to be docketed for the reason that otherwise the appellant would be in a position to obtain a new trial or a belated appeal on the basis of ineffective assistance of counsel. We noted that under the Rule of Criminal Procedure 36.9 that we could act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit and that the purpose of this exception was to take care of hardship cases but that this exception was being disregarded and that counsel was tendering out of date transcripts without a good reason for delay. We stated that in order to put the responsibility where it belongs, on the shoulder of the lawyer who is at fault, when good cause for the errors not shown, that the court would grant the appeal conditioned on the lawyer assuming fault and that in doing so, we would publish a per curiam order allowing the appeal, giving the name of the lawyer and stating why no good reason has been shown for the omission.

The same rule should ring true where the attorney has filed notice of appeal prior to the entry of the Court's judgment.

■ If Watson's attorney files a motion and affidavit in this case accepting full responsibility for not properly perfecting the appeal, then the motion will be granted. The attorney's negligence will be duly noted and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.

Accordingly, the motion is denied.