Sheldon Paul MANGIAPANE *v.* STATE of Arkansas

CA CR 92-1079                          858 S.W.2d 128

Court of Appeals of Arkansas
En Banc
Opinion delivered July 7, 1993
[Rehearing denied August 25, 1993.*]

---

*Mayfield, J., would grant rehearing.

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Sheldon Paul Mangiapane attempts to bring this appeal from his conviction of theft by receiving. We do not address the argument raised by appellant because we conclude that he failed to perfect his appeal under Ark. R. App. P. 4.

Appellant was charged with theft by receiving and was found guilty after a jury trial on June 18, 1992. Appellant filed his notice of appeal on June 22, 1992, at 8:37 a.m. However, the judgment of conviction was not entered until 8:45 a.m. on June 22.

Rule 4(a) of the Arkansas Rules of Appellate Procedure provides that "a notice of appeal shall be filed within thirty (30) days *from* the *entry* of the judgment, decree, or order appealed from." (Emphasis added.) A judgment is entered within the meaning of Rule 4 when it is filed with the clerk of the court in which the claim was tried. Ark. R. App. P. 4(e). A notice of appeal filed prior to entry of a final judgment is premature and ineffective. *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). These rules apply equally to criminal cases. *In re Belated Criminal Appeals*, 313 Ark. 729, 856 S.W.2d 9 (1993); *see Watson* v. *State*, 313 Ark. 409, 856 S.W.2d 1; *Tucker* v. *State*, 311 Ark. 446, 844 S.W.2d 335 (1993); *see also Giacona* v. *State*, 311 Ark. 664, 846 S.W.2d 185 (1993). They also apply to render ineffective even a notice of appeal filed earlier on the same day as the judgment being appealed from. *See Kelly* v. *Kelly*, *supra* (the supreme court overruled that part of *State* v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991), which had held that a notice of appeal filed sixteen minutes before entry of the order appealed from was timely because treated as though filed when the

judgment was entered); *see also Kimble* v. *Gray*, 40 Ark. App. 196, 842 S.W.2d 473 (1992), *aff'd*, 313 Ark. 373, 853 S.W.2d 890 (1993) (a notice of appeal filed on, but before the expiration of, the day on which a new trial motion was deemed denied is premature and ineffective under Rule 4(c)).

■■ The timely filing of a notice of appeal is, and always has been, jurisdictional. Whether the question is raised by the parties or not, it is not only the power, but the duty, of a court to determine whether it has jurisdiction of the subject matter. *Hawkins* v. *State Farm Fire and Casualty Co.*, 302 Ark. 582, 792 S.W.2d 307 (1990); *Giacona* v. *State*, 39 Ark. App. 101, 839 S.W.2d 228 (1992). Because appellant's notice of appeal was filed prior to the entry of the judgment of conviction, we dismiss the appeal. Appellant, of course, may petition the Arkansas Supreme Court for permission to file a belated appeal. *See* Ark. R. Crim. P. 36.9; *Giacona* v. *State*, 39 Ark. App. 101, 839 S.W.2d 228 (1992).

Dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I want to voice my disagreement with the result reached by the majority opinion in this case. I understand that the Arkansas Supreme Court has changed the rule that allowed a notice of appeal, filed after the judgment was rendered, to become effective at the time the judgment is entered.

I also understand that this court is bound by the decision of our supreme court.

But I do not understand that the judges of this court are obligated to search the record to determine whether the notice of appeal was filed before or after the judgment was entered. The abstract and briefs in this case do not reveal that the notice of appeal was filed before the entry of the judgment, and the issue is not raised by the appellee.

Even though the timely filing of a notice of appeal is jurisdictional, and we have the duty to determine whether we have jurisdiction of the appeal, I know of no requirement that we must search the record to see if the notice of appeal was timely

filed. In fact, the Arkansas Supreme Court has said that we have no such duty — for good reason.

> In effect, appellants ask all seven members of this court to examine the entire will which is attached to the single transcript as an exhibit. "[F]or a hundred years we have pointed out, repeatedly, that there being only one transcript it is impractical for all members of the court to examine it, and we will not do so." *Zini*, 289 Ark. at 344, 711 S.W.2d at 478. Further, even though our review of this case is *de novo*, our review is on the record as abstracted, not upon the transcript. *Id.*

*Mills* v. *Holland*, 307 Ark. 418, 820 S.W.2d 63 (1991).

I dissent.