Sheldon Paul MANGIAPANE *v.* STATE of Arkansas

CA CR 92-1079                                    862 S.W.2d 258

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*Terri L. Harris*, for appellant.

No response.

PER CURIAM. Sheldon Paul Mangiapane, the appellant in this case, moves for permission to file a belated appeal pursuant to Ark. R. Crim. P. 36.9. In support of his motion he shows this court that he filed his notice of appeal at 8:37 a.m. on June 22, 1992, and judgment was not entered until eight minutes later at 8:45 a.m. on that same date. The Court of Appeals dismissed the appeal on July 7, 1993, for the reason that the notice of appeal was prematurely filed, and, accordingly, the appeal was not properly lodged. *Mangiapane* v. *State*, 43 Ark. App. 19, 858 S.W.2d 128 (1993). The Court of Appeals then denied rehearing on August 25, 1993. This motion for belated appeal was filed on September 1, 1993.

We will treat this motion as a petition for review of the Court of Appeals decision pursuant to Ark. Sup. Ct. R. 2-4 as well as a motion for belated appeal. At the time the appellant filed his notice of appeal on June 22, 1992, *State* v. *Joshua*, 307 Ark. 79, 818 S.W.2d 249 (1991) was still good law. Under *Joshua*, we accepted a notice of appeal that was filed minutes before entry of judgment as timely filed. It was only some weeks later on July 13, 1993, that we overruled *Joshua* and held that notices of appeal in criminal and civil cases, in order to be effective and timely, must be filed subsequent to entry of judgment. *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992). Because of the sweeping impact of the *Kelly* decision, we further decided to grant belated appeals in appropriate circumstances where the judgment involved was entered prior to July 1, 1993. *See Tucker* v. *State*, 311 Ark. 446, 844 S.W.2d 335 (1993) (per curiam); *In Re Belated Criminal Appeals*, 313 Ark. 729, 856 S.W.2d 9 (1993) (per curiam).

As this filing of the notice of appeal and entry of judgment occurred before *Kelly* v. *Kelly, supra* and at a time when the *Joshua* decision had not been overruled, the Court of Appeals improvidently dismissed this appeal. We, therefore, reverse that decision.

The motion for belated appeal is granted. The Clerk of the Supreme Court is directed to reinstate the appeal for a determination on the merits.