Roxanne Marie HANDY *v.* STATE of Arkansas

CA CR 92-1317                               862 S.W.2d 291

Court of Appeals of Arkansas
En Banc
Opinion delivered October 13, 1993

*Lee R. Watson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Catherine Templeton,* Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Roxanne Marie Handy was convicted on November 8, 1991, of theft by deception and the court withheld imposition of sentence for a period of five years conditioned on good behavior and appellant making monthly restitution payments. On June 5, 1992, the state filed a petition to revoke appellant's suspended sentence for failure to make her restitution payments. At the conclusion of a hearing held August 5, 1992, the judge announced that he found that appellant had violated the terms of her suspended sentence and sentenced her to ten years in the Arkansas Department of Correction with seven of those years suspended. Appellant filed notice of appeal on August 18, 1992. The judgment and commitment order was not entered until August 26, 1992.

■■ Appellant's appeal must be dismissed. Rule 4(a) of the Arkansas Rules of Appellate Procedure requires that a notice

of appeal be filed "within thirty (30) days from the entry of the judgment" appealed from. Notice filed prior to entry of the judgment does not comply. *Mangiapane* v. *State*, 43 Ark. App. 19, 858 S.W.2d 128 (1993). Although *Mangiapane* was reversed upon review, the Supreme Court opinion explained that it did so because the notice of appeal and entry of judgment predated *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992) which was decided on July 13, 1992. *See Mangiapane* v. *State*, 314 Ark., per curiam op. del. Oct. 4, 1993. Here, the notice of appeal and entry of judgment occurred on August 18, 1992, and August 26, 1992, respectively, after *Kelly* v. *Kelly* was decided. We lack jurisdiction to entertain this appeal.

Dismissed.

MAYFIELD, J., concurs.