Gus M. PANNELL *v.* STATE of Arkansas

CR 94-452                                   895 S.W.2d 911

Supreme Court of Arkansas
Opinion delivered April 3, 1995

*Karen R. Baker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. This criminal case is an appeal from a conviction for first degree battery. The sole issue raised on appeal pertains to a remark made by the prosecutor during closing argument concerning the defendant's failure to testify, but we do not reach the merits of that argument. The case was certified to this court from the Court of Appeals on a ques-

tion of the notice of appeal. We find that no effective notice of appeal was filed from the original judgment and dismiss.

Gus Pannell, appellant, was charged with attempted murder as a result of slashing the throat of another individual during an argument. A jury trial was held on October 12, 1993, and appellant was found guilty of first degree battery and sentenced to seven years imprisonment and a fine of $5,000. A notice of appeal was filed on November 5, 1993, but at that time, judgment had not yet been entered. The Judgment and Commitment Order was subsequently entered on November 9, 1993, but appellant did not appeal from that order.

An order extending the time to file the record on appeal was granted on January 19, 1994, and on April 26, 1994, the judge in the original case entered an order for an "Amended Judgment" for appellant. The only changes in the amended judgment were a notation that the defendant had begun serving jail time on March 13, 1993, and that he had 214 days of credit. Appellant filed a notice of appeal from the amended judgment on the same day it was entered. The record was filed in this court on April 29, 1994.

The issue in this case is whether a timely notice of appeal was filed pursuant to A.R.Cr.P. 36.9(a). We find it was not.

The second notice of appeal was filed pursuant to the amended judgment, which was entered more than 120 days after the entry of the original judgment. In criminal cases, an aggrieved party may seek relief to correct a sentence illegal on its face at any time, but must petition within 120 days to seek relief from a sentence imposed in an illegal manner. *Delph* v. *State*, 300 Ark. 492, 780 S.W.2d 527 (1989); *Fritts* v. *State*, 298 Ark. 533, 768 S.W.2d 541 (1989). The corollary to that rule is that the trial court is without jurisdiction to modify a sentence once it has been put into execution. *Toney* v. *State*, 204 Ark. 473, 743 S.W.2d 816 (1988); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 533 (1983). A sentence is considered in execution once the court issues a commitment order. *Kelly* v. *Washington*, 311 Ark. 73, 843 S.W.2d 797 (1992); *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987).

We specifically addressed the question in *Delph* v. *State, supra*, as to whether a request for credit for jail time was a request

for a modification of a sentence after it had been put into execution. We held that it was.

Under *Delph* it is clear the trial court in this case was without jurisdiction to modify the sentence. The trial court had already issued a commitment order when the amended judgment was entered in April 1994, and the only change in the new judgment was a credit for jail time. The amended sentence should be vacated with directions to the trial court to reinstate the original sentence. *See Redding* v. *State, supra.*

There remains the question of the notice of appeal. Because the trial court was without jurisdiction to amend the judgment, the notice of appeal from the amended judgment was ineffective. The first notice of appeal was also ineffective as it was entered prior to the date of entry of the original judgment. *See* A.R.Cr.P. 36.9(b); *Mangiapane* v. *State*, 314 Ark. 350, 862 S.W.2d 258 (1993); *Tucker* v. *State*, 311 Ark. 446, 844 S.W.2d 335 (1993).

The appeal is therefore dismissed.