K.M., A JUVENILE *v.* STATE of Arkansas

CA 94-644                                   896 S.W.2d 906

Court of Appeals of Arkansas
Division II
Opinion delivered May 3, 1995

*Deloss McKnight*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. This is an appeal from a judgment of the Cross County Chancery Court, Juvenile Division, finding the appellant to be a delinquent juvenile for committing the offense of criminal mischief. The appellant was ordered to pay $50 in restitution and $35 in court costs, and sentenced to three months unsupervised probation. On appeal, she argues that the evidence is not sufficient to support the trial court's determination. However, we do not address the appellant's argument because we find that she failed to file a timely notice of appeal.[1]

The judgment order was filed on February 22, 1994. The appellant filed a motion for new trial on March 4, 1994, and filed her notice of appeal on March 8, 1994. The order denying the appellant's motion for a new trial was filed on May 6, 1994. No subsequent notice of appeal was filed.

Rule 4(a) of the Arkansas Rules of Appellate Procedure provides that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Rule 4(b) extends the time for filing a notice of appeal upon a timely filing in the trial court of certain motions including a motion for a new trial. Under Rule 4(c), if a timely motion listed in section (b) is filed in the trial court by any party, the time for appeal for all parties shall run from the entry of the order granting or denying a new trial or granting or denying any motion. Rule 4(c) also provides that if the trial court neither grants nor denies the motion within thirty days of its filing, the motion will be deemed denied as of the thirtieth day.

A notice of appeal filed prior to the disposition of a post-trial motion has no effect, and a new notice of appeal must be filed within the prescribed time dated from the entry of the

---

[1] We note that even if we addressed the appellant's argument, we would find the evidence sufficient to support the verdict.

order dealing with the post-trial motion or from the expiration of thirty days allowed in the absence of a ruling. *Lawrence Brothers* v. *R.J. Jones Excavating Contractor*, 318 Ark. 328, 884 S.W.2d 620 (1994). The timely filing of a notice of appeal is jurisdictional. *Giacona* v. *State*, 39 Ark. App. 101, 839 S.W.2d 228 (1992). We find that the appellant failed to file a timely notice of appeal and as a result, this Court lacks jurisdiction to entertain the matter. We, therefore, dismiss the appeal.

Appeal dismissed.

PITTMAN and MAYFIELD, JJ., agree.