Londell WILLIAMS; James Louis;
Joyce Grissom; and Mattie
Roberson, Plaintiffs,

v.

No. 92–4001.

United States District Court,
W.D. Arkansas,
Texarkana Division.

Feb. 17, 1993.

John W. Walker, Mark Burnette, John W. Walker, P.A., Little Rock, AR for Londell Williams, James Lewis, Joyce Grissom, Mattie Roberson.

Paul Lester Dickerson, Lavender, Rochelle, Barnette & Dickerson, Texarkana, AR, for City of Texarkana, Ark., Bobby Ferguson.

Paul Lester Dickerson, Lavender, Rochelle, Barnette & Dickerson, Texarkana, AR, P.A. Hollingsworth, Hollingsworth Law Firm, P.A., Little Rock, AR, for Bobby Ferguson, Danny Gray, Hubert Easley, Jim Nicholas, Nelson Shaw, Greg Giles.

Paul Lester Dickerson, Lavender, Rochelle, Barnette & Dickerson, Texarkana, AR, M. Brent Haltom, Lewisville, AR, for Miller County, Ark. Election Com'n, David Orr, Lou Ann Dean, Margaret McRaney.

David J. Potter, Texarkana, TX, for Danny Jewell.

## ORDER

HENDREN, District Judge.

On September 25, 1992, this Court entered a Memorandum Opinion and Order, filed on September 29, 1992, finding that the present 4–3 plan for election of board members in the city of Texarkana violates § 2 of the Voting Rights Act. The Court directed that the present plan be abandoned; that the present board members cease to be such; that a new non-violative plan be put in place; that the city's population be duly reapportioned in accordance with the new plan and in compliance with both Arkansas and Federal law; and that new board members be duly elected for service under the said new plan.

In that same Order, the Court directed the parties to submit to the Court and to defendant Miller County Election Commission proposed plans for structuring the City of Texarkana's manager form of government and the election of the board members. The Court also stayed those portions of its Order

which directed the present form of government be abandoned, and that the present members of the City Board cease to be such pending further order of the Court.

On November 6, 1992, the Court held a hearing on the appropriate remedy to be applied, and has received post-hearing briefs. The Court also asked the parties to address the question of whether pre-clearance was necessary, and all parties agree that such pre-clearance is not required since any remedy will be judicially imposed rather than legislatively imposed. This, coupled with the fact that the Court is adopting the plaintiffs' proposed plan, leads the Court to agree that pre-clearance is not required.

Plaintiffs propose a seven (7) member single district plan as an alternative to the plan which was determined as violative by the Court. At the trial, plaintiff's expert stated that he gave attention to the following five (5) factors in formulating plaintiffs' proposal:

1. The long-time legal standard of one-man, one-vote;

2. Non-dilution of minority voting strength;

3. Development of compact and contiguous districts;

4. Recognizable boundaries;

5. Facilitation of elections—i.e. identifying most feasible polling places.

Two (2) of the seven (7) districts proposed in plaintiffs' plan would feature minority populations of 60.5% and 60.1% respectively, and a third district would have a minority population of 45.8%.

Defendants propose a 6–1 plan, with six (6) single member districts and the position of mayor elected at large.

The Court has carefully considered both proposals and finds the 7–0 plan proposed by plaintiffs to be the appropriate remedy. Although the courts have said there is no right to proportionate representation, this Court is seeking fundamental fairness in the election process for the board of directors of the City of Texarkana, and wants to select a plan that has the greatest potential for permitting such fairness to occur. The Court believes there is a spirit of cooperation in Texarkana, and that hopefully, the plan approved by the Court will result in elections which will fairly represent the wishes of the people of Texarkana.

The Court does not believe it is impossible for a plan featuring an "at large" position to comply with the Voting Rights Act, and knows of no case which so holds. In fact, such a plan would provide an opportunity for all citizens, black and white, to have a voice in the selection of the mayor. Furthermore, the Texarkana electorate has not yet spoken and it is possible that, at some time in the future, the voters of Texarkana may wish to change their structure of city government—a right which is theirs under state law. This Court will not make any presumption that the citizens of Texarkana would choose a plan violative of the Voting Rights Act should they see fit to address the matter in the future. Contrariwise, in view of the results of this case and the unhappy fact that litigation of such matters is both unpleasant and expensive, the Court would presume the opposite.

At this time and after consideration of the total circumstances of the case, including the relevant testimony, it is the Court's considered opinion that a plan featuring election of a mayor "at large" would not further the effort to remedy the heretofore existing violations of the Voting Rights Act in the city of Texarkana, Arkansas. Such effort would be best advanced, in the Court's view, by a plan which does not feature any "at large" positions. Furthermore, absent unusual circumstances, "single member districts are the preferred remedy where a violation of voting rights has been found." *East Carroll Parish School Board v. Marshall,* 424 U.S. 636, 639, 96 S.Ct. 1083, 1085, 47 L.Ed.2d 296 (1976); *Chapman v. Meier,* 420 U.S. 1, 95 S.Ct. 751, 42 L.Ed.2d 766 (1975).

The Court concludes that the 7–0 plan is one which is permitted under A.C.A. § 14–61–107(4); is the more prudent plan for the city at this time; and that such a plan will accomplish the remediation of the section 2 violation as to all positions on the board of directors in Texarkana. This plan also has, in the Court's view, less potential for provoking continuing dispute, which would not be in the best interests of the citizens of Texarkana.

Based upon the foregoing, the Court hereby reaffirms its earlier orders that the present plan be abandoned and that the present board members cease to be such. The Court further orders and directs that a new non-violative plan be put in place in accordance with these findings; that the city's population be duly reapportioned in accordance with the new plan and in compliance with both Arkansas and Federal law; and that new board members be duly elected for service under the said new plan.

The Court further orders and directs that defendant, Miller County Election Commission, proceed with its duties under Arkansas law to properly draw up seven (7) single member wards in accordance with the plan submitted by plaintiffs, which the Court has determined to be in compliance with A.C.A. § 14–61–107(4) and the Voting Rights Act.

The Court retains jurisdiction of this cause for the purpose of enforcing its orders, if necessary, and for the disposition of any remaining unresolved issues. In this connection, all parties are directed to notify the Court within thirty (30) days from the date hereof as to any such remaining unresolved issues.

IT IS SO ORDERED.