Larry FRANKLIN *v.* STATE of Arkansas

CR 94-1002                                      885 S.W.2d 23

Supreme Court of Arkansas
Opinion delivered October 17, 1994

*Louis A. Etoch*, for appellant.

No response.

PER CURIAM. Petitioner Larry Franklin was tried on December 7 and 8, 1993, in the Phillips County Circuit Court on a charge of theft of property, a Class B felony. He was sentenced on December 8, 1993, to five years imprisonment. Franklin's trial attorney, Louis Etoch, obtained an order granting the petitioner indigent status and allowing him to proceed on appeal in forma pauperis with Mr. Etoch as appointed counsel.

Attorney Etoch filed a notice of appeal and designation of record with the circuit court on December 30, 1993. On March 16, 1994, Mr. Etoch filed a motion for extension of time, noting that "Defendant has not received the transcript as of the 15th day of March, 1994." (The transcript was due by March 30.) The circuit court granted an extension to June 30, 1994. On June 30, Mr. Etoch filed a motion for a second extension, stating that the transcript had still not been received as of June 29, 1994. The court granted the requested extension to July 8, 1994, the final date allowable under our seven-month rule. See Rule 5 of Ark. R. of App. P.

On September 19, 1994, Mr. Etoch filed a motion for rule on the clerk and tendered a partial record. In addition, he asked for a "writ of habeas corpus to supplement partial record with transcript once transcribed" and offered the following account of the circumstances:

> Judge Olly Neal's court reporter, Nyla Keels, has been unable to deliver to defense counsel the trial record. Court reporter Keels has explained to Attorney Etoch that she expects the record to be ready within the next few weeks.

It is the attorney's duty to file the record on time. *Rockett* v. *State*, 317 Ark. 430, 877 S.W.2d 593 (1994). When a complete record is not available, a partial record will suffice. Mr. Etoch did not tender a partial record until September 19, 1994, some two months late, and for this reason he has breached his duty. The fact that the court reporter had not prepared her transcript of trial did not prevent Mr. Etoch from obtaining a partial record from the Phillips County Circuit Clerk and tendering a partial record to us in a timely manner.

We direct Mr. Etoch to file a motion for rule on the clerk and affidavit in this case within fifteen days, accepting

responsibility for failing to perfect the appeal. Appellant's motion will then be granted, *Watson* v. *State*, 313 Ark. 409, 856 S.W.2d 1 (1993), and a copy of the opinion granting the motion will be forwarded to the Committee on Professional Conduct.

As to the failure of the court reporter Nyla Keels to prepare the transcript of trial, we direct the clerk of this court to issue a writ of certiorari directing Ms. Keels to complete the transcript within fifteen days. Failure to transcribe the proceedings of a two-day trial within the time prescribed by our rules is inexcusable.

The clerk is also directed to forward a copy of this per curiam order to the Board of Certified Court Reporter Examiners for any action it might deem necessary under its rules.