Charles PATTON *v.* STATE of Arkansas

CR 95-230                                                    895 S.W.2d 531

Supreme Court of Arkansas
Opinion delivered April 3, 1995

*John F. Gibson, Jr.,* for appellant.

No response.

PER CURIAM. John F. Gibson, Jr., filed a motion for rule on the clerk on behalf of his client, Charles Patton. The appellant requests a "rule on the clerk to reinstate his appeal by filing the record tendered herewith; for an order permitting the Appellant

to proceed with a belated appeal of his convictions on counts one, two and three . . .; and Appellant further prays that a record be prepared at the cost of the State of the entire proceedings on counts one, two and three . . . ." This appeal, however, involves two separate judgment and commitment orders. In one case, the appellant was convicted of three counts of delivery of a controlled substance, and, in the second case, the appellant was convicted of a fourth count of delivery of a controlled substance.

██ ██ The judgment and commitment order for the fourth count of delivery of a controlled substance was entered on January 5, 1994. On March 9, 1995, the appellant tendered the record with the clerk and filed this motion for rule on the clerk. In this case the record was tendered more than seven months after the entry of the judgment. *See* Ark. R. App. P. 5(b). It is the attorney's duty to file the record on time. *Franklin* v. *State*, 318 Ark. 324, 885 S.W.2d 23 (1994). When a complete record is not available, a partial record will suffice. If attorney will concede by affidavit within thirty days from the date of this *per curiam* that it was his fault that the record was not timely filed, or if other good cause is shown, then the motion will be granted.

As to the convictions for the three counts of delivery of a controlled substance, the judgment and commitment order was entered on August 5, 1993. First, contrary to the appellant's statements, that record, which was tendered to the clerk on March 7, 1994, contained the trial proceedings on counts one, two and three. Second, the Court of Appeals dismissed the appellant's appeal for failure to file a brief.

██ Because counsel for the appellant merges the two cases, we are unable to grant the relief requested. The motion for a rule on the clerk is denied without prejudice to file a proper motion.

GLAZE, J., not participating.