Charles PATTON *v.* STATE of ARKANSAS

CR 95-230                                          898 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered May 15, 1995

514

*John F. Gibson, Jr.*, for appellant.

No response.

PER CURIAM. John F. Gibson, Jr., has filed a second motion for rule on the clerk on behalf of his client, Charles Patton. We denied appellant's first motion for rule on the clerk without prejudice to file a proper motion. Once again, the appellant has confused two separate appeals and we deny the motion for rule on the clerk without prejudice to file a proper motion.

The appellant was convicted of three counts of delivery of a controlled substance on August 5, 1993. The record which contained the trial proceedings for those three counts was tendered to the Clerk on March 7, 1994. Subsequently, the Court of Appeals dismissed the appellant's appeal, case number CACR 94-570, for failure to file a brief.

The judgment and commitment order for a fourth count of delivery of a controlled substance was entered on January 5, 1994. That proceeding is the subject of this appeal, case number CR 95230. On March 9, 1995, the appellant tendered the record with the Clerk and filed his first motion for rule on the clerk.[1] The record was tendered more than seven months after the entry of the judgment. *See* Ark. R. App. P. 5(b). It is the attorney's duty to file the record on time. *Franklin* v. *State,* 318 Ark. 324, 885 S.W.2d 23 (1994). When a complete record is not available, a partial record will suffice. If the attorney will concede by affidavit within thirty days from the date of this *per curiam* that it was his fault that *the record was not timely filed,* or if other good cause is shown, then the motion will be granted.

In the instant case, the appellant is appealing from the judgment and commitment order entered January 5, 1994. Appellant's counsel admits fault for failing to file a brief; however, the brief was due in a separate appeal, case number CACR 94-570. The Court of Appeals dismissed the appeal from the August 5, 1993

---

[1]The record tendered March 7, 1994, case number CACR 94-570, contains only the trial proceedings for the three convictions entered on August 5, 1993. The record tendered March 9, 1995, case number CR 95-230, contains only the trial proceedings for the conviction entered January 5, 1994.

judgment and commitment order. However, the appeal from the January 5, 1994 judgment and commitment order has not been dismissed, nor has a briefing schedule been set. The record was simply tendered more than seven months after the entry of the judgment.

Motion denied.