sional Conduct.

Charles PATTON *v.* STATE of Arkansas

CR 95-230                                917 S.W.2d 529

Supreme Court of Arkansas
Opinion delivered March 4, 1996

*John Frank Gibson,* for appellant.

No response.

PER CURIAM. On August 5, 1993, Charles Patton was found guilty by a jury of three counts of delivery of a controlled substance and was sentenced to ten years imprisonment on each count. Patton, who was represented at trial by his retained attorney, John Frank Gibson, Jr., filed a timely *pro se* notice of appeal. Gibson lodged the record on appeal in the Arkansas Court of Appeals on March 7, 1994, but the appeal (CACR 94-570) was dismissed on February 1, 1995, on the basis that Gibson had failed to file the appellant's brief. On February 28, 1996, the appeal was reinstated by the court of appeals in a per curiam order.

Patton had also been found guilty in a separate proceeding of a fourth count of delivery of a controlled substance. Judgment

in that case was entered January 5, 1994. On March 9, 1995, Gibson tendered the record to this court in case CR 95-230 with a motion for rule on the clerk which was necessary because the record was not filed in a timely manner. On April 3, 1995, we denied the motion for rule on the clerk but stated that if Gibson would concede that the untimeliness of the record filing was his fault within thirty days, or if other good cause was shown, the motion would be granted. *Patton v. State*, 320 Ark. 271, 895 S.W.2d 531 (1995) (per curiam). With respect to the conviction on three counts of delivery of a controlled substance, we stated that we could not grant relief because the court of appeals had dismissed the appeal in CACR 94-570. We noted that Gibson had erroneously merged the two cases.

On April 10, 1995, Gibson filed a motion in CACR 94-570 (or CR 95-230) in which he again confused the two appeals. He admitted fault for not filing a *brief.* However, the sole issue before this court was counsel's conduct in the appeal of the separate January 5, 1994 judgment. On May 15, 1995, the motion was denied. *Patton v. State*, 320 Ark. 513, 898 S.W.2d 446 (1995) (per curiam). In that order, we again gave Gibson 30 days to concede fault in failing to timely file the record in this case.

■ Gibson did not file another motion for rule on the clerk in this court with respect to the January 5, 1994 judgment until February 6, 1996 — almost nine months after our second per curiam order. Gibson admitted fault in failing to file the record on time in that motion. While we consider the delay in filing the motion to be extreme, we consider such an error admittedly made by counsel for a criminal defendant to be good cause to grant the motion. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (per curiam).

The motion is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct.

GLAZE, J., not participating.