Vastie MAYFIELD *v.* STATE of Arkansas

CR 95-937                                            918 S.W.2d 125

Supreme Court of Arkansas
Opinion delivered March 18, 1996

*Paul Johnson*, for appellant.

No response.

PER CURIAM. The procedural facts, according to appellant's motion, reflect the following. The judgment of conviction was entered on November 1, 1994. A "notice of appeal" was filed by a "Reverend" Stephen Womack on November 21, 1994. On November 23, 1994, counsel for appellant filed a motion to set aside the notice of appeal and also filed a motion to set aside the judgment of conviction. More than thirty days passed with no action by the trial court on either motion, yet no notice of appeal was timely filed by appellant.

On March 6, 1995, the trial court ruled that the original notice of appeal was ineffective and entered an order denying appellant's motion to set aside the judgment of conviction. Appellant alleges that he "promptly" filed a notice of appeal. Sometime later, appellant tendered a record to the clerk of this court, but the clerk refused to file it because it was untimely.

Our automatic case tracking system, or docket book, reflects that on August 8, 1995, appellant filed a motion for a rule on the clerk. On September 18, 1995, we denied the motion "without prejudice to filing a motion for a belated appeal." On February 13, 1996, the clerk sent a letter to appellant's attorney requesting a status report. Finally, on February 21, 1996, over fifteen months after the judgment of conviction, appellant filed the motion for belated appeal now before us.

In this case the notice of appeal was not timely given; in addition, the record was tendered more than seven months after the entry of judgment. *See* Ark. R. App. P. 5(b). It is an attorney's duty to timely give a notice of appeal and file the record. *Patton* v. *State*, 320 Ark. 271, 895 S.W.2d 531 (1995). The attorney did neither in this case. Further compounding those errors, after we denied the rule on the clerk and directed counsel to file a motion for a belated appeal, counsel waited another five months to file this motion for belated appeal.

We grant the motion, and direct that a copy of this *per curiam* be filed with the Committee on Professional Conduct.

*See In re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979).