## Lloyd D. MILLER v. STATE of Arkansas

5515                                    457 S. W. 2d 848

### Opinion delivered September 21, 1970

*H. Clay Robinson,* for appellant.

*Joe Purcell,* Attorney General; *Milton R. Leuken,* Asst. Atty. Gen., for appellee.

Lyle Brown, Justice. Appellant Lloyd D. Miller was convicted of robbery and the jury imposed the maximum punishment of twenty-one years. For reversal appellant contends he was forced to trial in prison garb after being denied the opportunity to obtain civilian clothing. He also attacks as prejudicial certain closing remarks of the deputy prosecuting attorney.

The State offered uncontroverted proof that appellant waited in the home of the prosecuting witness until she arrived after closing her business around 8:00 p.m.; that she was knocked to the floor by being struck with the stock of a shotgun and in other respects roughly treated; that appellant obtained approximately $700 from the witness; and that after his unsuccessful attempt to start her car, appellant left the premises. No evidence was offered to refute any of the summarized testimony.

Appellant was transferred from the penitentiary to the Pulaski County jail on the afternoon preceding the trial. The record shows that appellant and his court-appointed counsel met with the trial judge in chambers just before time for trial.

The Court: Case No. 69173, *State of Arkansas* v. *Lloyd Miller*. The charge is robbery. I believe Mr. Robinson wants to make a statement here in chambers. You may proceed.

Mr. Robinson: For the record, you will note that they have sent Lloyd Miller up here from the penitentiary in prison clothes. He got in yesterday afternoon in prison clothes and he is still dressed in prison clothes. He hasn't had a chance to get any other kind to wear. The prison didn't furnish any. You can readily tell they are prison clothes with his number on. I think the court can see the numbers.

The Court: I can see the numbers, but I haven't got a shirt I can let him have.

Mr. Robinson: It is on his pants, too. I see no way he can have a fair trial. It's just like telling the jury he has a previous conviction. Well, in fact, he has.

The Court: Overruled.

Mr. Robinson: Your Honor, let me make my motion.

The Court: I'm certainly not going to dress him.

Mr. Robinson: I'm not asking the Court to dress him, but some arrangement should be made. I have been appointed in this case and—

The Court: I'm not going to dress him. I don't think he is entitled to that.

Mr. Robinson: To what?

The Court: To have his clothes taken off—I mean to have the numbers taken off. If you put a patch over them, it's all right.

Mr. Robinson: I would like to make a motion, your honor.

The Court: You may do so.

Mr. Robinson: Your honor, the defendant was delivered up here from the penitentiary yesterday in prison clothes. I think the court will see that they are prison clothes and they have numbers on them. Obviously, to anybody looking at them, they can tell he is currently incarcerated in the penitentiary. He has had no opportunity to obtain other clothing to wear here to court. To have him go before the jury in this garb is certainly prejudicial to his rights and, therefore, we move that the case be continued, or some other steps be taken to remove this prejudice.

The Court: Overruled.

Mr. Robinson: Save my exceptions.

Based upon the undisputed representations made to the court by appellant's attorney we conclude that a continuance should have been granted to allow appellant a reasonable time in which to make arrangements for civilian attire. That is because of the rule, supported by a strong majority, that absent a waiver accused should not be forced to trial in prison garb. See *Ring v. State*, 450 S. W. 2d 85 (Tex. 1970); *People v. Shaw*, 164 N. W. 2d 7 (Mich. 1969); *U. S. ex rel Diamond v. Social Service Department*, 263 F. Supp. 971 (Pa. 1967); *Collins v. State*, 106 P. 2d 273 (Okla. 1940); *Brooks v. Texas*, 381 F. 2d 619 (1967); *Shultz v. State*, 179 So. 764 (Fla. 1938); *Dennis v. Dees*, 278 F. Supp. 354 (1968); *Eaddy v. People*, 174 P. 2d 717 (Colo. 1946); and *Commonwealth v. Keeler*, 264 A. 2d 407 (Pa. 1970).

The basic rule is summarized in 21 Am. Jur. 2d Criminal Law, § 239:

> Since the defendant, pending and during the trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may other wise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.

The second point for reversal, namely, that the prosecuting attorney made an improper reference to the defendant's failure to testify, is not likely to arise at the second trial. That is because the court recognized its impropriety and so informed the deputy prosecuting attorney.

Reversed.