Nathaniel BARKSDALE *v.* STATE of Arkansas

CR 73-95                                          499 S.W. 2d 851

Opinion delivered October 15, 1973

*Robert F. Morehead,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. This is an appeal from a robbery conviction. Appellant advances five points for reversal. We find them to be without merit.

In January 1973, a neighborhood grocery in Pine Bluff was robbed by two men. City Officer Bobby Simmons happened to be patroling in the area at about the time of the robbery and heard a report of the incident over his radio. He spotted appellant and another man walking across the school grounds and radioed for help. Officer Keintz answered the call and when he arrived the two men were running across a field. Appellant and his companion were apprehended. A brown bag containing money was found along the trail used by the two men. Appellant gave the officers a fictitious name. The victim of the robbery shortly went to police headquarters and identified appellant as the man who held the gun on him. The argument of appellant that the evidence does not support the verdict has no validity.

Appellant says the court erred in denying his motion for a continuance. On the morning set for the trial appellant moved for a continuance to enable him to get another lawyer. He told the court that the two lawyers defending him and his codefendant were not familiar enough with the case and that "he just did not want them". This was the first knowledge the court or appellant's attorneys had that such a motion would be made. The attorneys conceded that they were ready to try the case. One of the attorneys complained that appellant had not paid his fee but the court advised that the fee would be paid by the county. In denying the motion for continuance the

court said: "The jury is here, you have had ample time to notify the Court and if we were to permit a man to come into court every time his case is set for trial and discharge his attorneys we never would try anybody". The court certainly did not abuse its discretion. *Hill* v. *State,* 250 Ark. 812, 467 S.W. 2d 179 (1971).

The court properly denied appellant's motion for a mistrial on the grounds that he was wearing prison garb. The record shows that appellant was wearing bell-bottom white trousers, a gold shirt, a white and brown striped jacket, and house shoes. There was no evidence of any name or number on the apparel. Nor do we find any merit in the allegation that appellant was brought handcuffed in full view of the jury. The record shows that appellant was handcuffed but the cuffs were taken off outside the doorway of the courtroom. In the first place, there is no showing that any prospective juror saw the appellant so shackled. Secondly, the officers had a right to take such precautions as would be reasonably necessary to prevent an escape. *Rayburn* v. *State,* 200 Ark. 914, 141 S.W. 2d 532 (1940). Appellant was brought to Pine Bluff from the penitentiary for trial; also, there was proof on behalf of the state that appellant was unusually belligerent.

In the course of examining Officer Worley, a witness for the State, the prosecutor asked Worley if he had questioned the defendant. Worley replied in the affirmative. At that point the court inquired if the prosecutor planned on introducing a statement, to which the prosecutor replied in the affirmative. The officer proceeded to say that appellant gave the name of Leroy Williams and that appellant desired not to make any further statement. Appellant here contends that the prosecutor was erroneously indicating to the jury that he had a written statement, which in fact he did not have. The point is hardly in the category of being rational. The officer said appellant made the statement that his name was Leroy Williams; then, almost in the same breath, the officer said appellant declined to make any further statement. Certainly the jury was not misled. When appellant took the stand he admitted to having given the officer a fictitious name.

Affirmed.