Tommy Lee WASHINGTON *v.* STATE of Arkansas

CA CR 82-29                                              637 S.W.2d 614

Court of Appeals of Arkansas
Opinion delivered August 25, 1982

*James Clouette,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant received a jury sentence of thirty years imprisonment on a burglary charge and fifteen years on a charge of theft of property, the sentences to run concurrently. His only point for reversal is that the trial court erred in forcing appellant to stand trial in the prison uniform of the Pulaski County Jail, an orange jumpsuit. We do not find merit in appellant's argument.

In chambers before the trial, the trial judge discussed with appellant the possibility of appellant's wearing the same clothes he wore on the day of his arrest. The judge stated that appellant had told the bailiff that he didn't have any other clothes and didn't want any. When asked by the judge whether he wanted to wear the clothes he wore to jail or wear the orange jumpsuit, appellant replied, "wear the jumpsuit." At that point appellant's attorney stated, "For the record, we object, Your Honor."

It is not clear from the record whether the orange jumpsuit was distinctive as prison clothing. In chambers, the judge advised appellant and his attorney that the judge would advise the jury that the reason appellant was wearing the orange jumpsuit was that appellant had been in jail since his arrest and had no other clothing he wished to wear. At trial, the judge did so advise the jury, and in addition stated that the orange jumpsuit was the regular uniform of the Pulaski County Jail. The judge also told the jury that appellant's attire was not to be considered as being indicative in any way of guilt. No objection to the trial judge's statement to the jury was made by appellant.

The bailiff reported that the clothes appellant wore at the time of his arrest were in the jail, but were muddy and torn. Appellant was arraigned on the charges on May 27, 1981, at which time an attorney was appointed to defend him. He remained in jail until his trial on November 3, 1981, and there is no evidence that appellant or his attorney made any effort to have appellant's clothes cleaned and mended or to obtain other clothing. Significantly, there was no request for a continuance for the purpose of obtaining other clothing, and only a formal objection was made to the trial court's action.

In *Miller* v. *State*, 249 Ark. 3, 457 S.W.2d 848 (1970), the Arkansas Supreme Court adopted the rule that absent a waiver, the accused should not be forced to trial in prison garb. It cited the basic rule which is summarized in 21 Am. Jur. 2d Criminal Law § 239, which states:

Since the defendant, pending and during the trial, is still presumed innocent, he is entitled to be brought

before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.

In *Estelle* v. *Williams*, 425 U.S. 501, (1976), the United States Supreme Court held that a criminal defendant had constitutional rights under the sixth and fourteenth amendments which were violated when he was compelled to wear identifiable prison clothing at his trial. The court stressed that such attire must be distinctive and identifiable.

The rule in *Estelle, supra,* was adopted by the Arkansas Supreme Court in *Holloway, Welch and Campbell* v. *State,* 260 Ark. 250, 539 S.W.2d 435 (1976). In that case, however, it was found that appellants' argument had no merit because they rejected twice the trial court's offer to allow them to change clothes. The trial court gave appellants this opportunity before the trial began and before the actual selection of a jury. Hence, it was held that appellants were deemed to have waived their right. In *Holloway* the record was not clear as to whether the prison garb was distinctive, it being shown only that the attire was matching blue trousers and shirts.

In *Estelle* v. *Williams, supra,* the Court stated:

... the courts have refused to embrace a mechanical rule vitiating any conviction, regardless of the circumstances, where the accused appeared before the jury in prison garb. Instead, they have recognized that the particular evil proscribed is compelling a defendant, against his will, to be tried in jail attire. The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon

defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury.

Nothing in the record of this case warrants a conclusion that appellant was compelled, against his will, to stand trial in prison attire, or that the trial judge would not have granted a continuance for the purpose of obtaining other clothing if a request had been made. We hold that under the circumstances of this case, appellant waived his right to be tried in civilian clothing.

Affirmed.

GLAZE and COOPER, JJ., concur.