Roy GARLAND *v.* WINDSOR DOOR, NATIONAL
UNION FIRE INS. CO. and STATE of Arkansas, Second
Injury Fund

CA 86-290                                             719 S.W.2d 714

Court of Appeals of Arkansas
Opinion delivered November 26, 1986

*Philip M. Wilson,* for appellant.

*Walter A. Murray Law Firm,* by: *William C. Frye,* for
appellee Windsor Door.

PER CURIAM. The appellee Windsor Door has moved that
the appellant's appeal be dismissed, contending that the appel-
lant failed to make it a party on appeal. Upon reviewing the case,
we agree and dismiss the appellant's appeal.

The appellant's claim was originally brought against both Windsor Door and the Second Injury Fund for temporary total disability and medical benefits. The administrative law judge, *by agreement of the parties*, dismissed the Second Injury Fund as a party because the threshold issue of compensability had not yet been determined and permanent disability was not at issue. After hearing the evidence, the A.L.J. further found that the appellant had failed to prove by a preponderance of the credible evidence that his current condition was related to his employment with Windsor Door. The appellant appealed this decision to the Workers' Compensation Commission on the issues of compensability, temporary total disability, medical expenses, and controversion. The Commission affirmed and adopted the A.L.J.'s opinion. The appellant then filed his *pro se* notice of appeal "on the Second Injury Fund only." The only issue he raises on appeal is whether there is sufficient evidence to support the Commission's finding that his condition is not work-related. The appellant has at no time raised the dismissal of the Second Injury Fund as an issue before either the Commission or this Court.

All persons necessary to a final determination of the matter in issue must be parties on an appeal from a decision of the Commission. 101 C.J.S. *Workmen's Compensation* § 798 (1958). A notice of appeal must be specific and will be judged by what it recites, not by what the appellant intended for it to recite. 4A C.J.S. *Appeal & Error* § 593(1) (1957). The notice of appeal must be addressed and framed to disclose unequivocally the party for whom it is intended and who will be affected by the appeal. 4A C.J.S. *Appeal & Error* § 593(3) (1957). The fact that the notice of appeal is *pro se* is immaterial, as *pro se* litigants are held to the same standards as attorneys and must follow the rules of appellate procedure. *Perry* v. *State*, 287 Ark. 384, 699 S.W.2d 739 (1985); *accord Van Bibber* v. *Laster*, 289 Ark. 87, 709 S.W.2d 90 (1986).

Here, the appellant's motion is directed to "the Second Injury Fund *only*" (emphasis added), a party which had already been dismissed from the suit by agreement of all parties. The dismissal of the Second Injury Fund by the A.L.J. was proper, as the Second Injury Fund can only be held liable in cases of work-related injuries causing a permanent disability. Ark. Stat. Ann. § 81-1313(i) (Supp. 1985). The appellant was not asking for

permanent disability at that time, only medical expenses, temporary total disability, and attorneys' fees. The only party which could be found liable for these expenses was Windsor Door, the employer. Windsor Door is therefore a necessary party who should have been named on the notice of appeal.

Because the appellant failed to properly make the appellee Windsor Door a party on appeal and because the Second Injury Fund was no longer a party at the time the Commission's decision was rendered, the appellant has failed to name *any* appellee against whom this appeal could be perfected. We must, therefore, dismiss this appeal.

Dismissed.