Johnny E. HENRY *v.* STATE of Arkansas

CA CR 94-498                                                          894 S.W.2d 610

Court of Appeals of Arkansas
Division I
Opinion delivered March 15, 1995

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a bench trial on January 7, 1994, of driving while intoxicated. Judgment was entered on January 26, 1994. The appellant filed his notice of appeal on February 7, 1994. The appellant also filed a Motion to Reconsider Motion to Dismiss and Trial Verdict on February 7, 1994. No subsequent notice of appeal was filed. We do not address the argument raised by the appellant on appeal because we conclude that he failed to file a timely notice of appeal.

Arkansas Rule of Criminal Procedure 36.9 provides for the time and method for taking appeals in criminal cases as follows:

(a) Within thirty (30) days from

(1) the date of entry of a judgment; or

(2) the date of entry of an order denying a post-trial motion under Rule 36.22; or

(3) the date a post-trial motion under Rule 36.22 is deemed denied pursuant to Rule 4(c) of the Rules of Appellate Procedure;

(4) the date of entry of an order denying a petition for postconviction relief under Rule 37, the person desiring to appeal the judgment or order shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment or order appealed.

(b) A notice of appeal is invalid if it is filed prior to the entry of the judgment or order appealed from or if it is filed on or before the date a post-trial motion under Rule 36.22 is deemed denied pursuant to Rule 4(c) of the Rules of Appellate Procedure.

Arkansas Rule of Criminal Procedure 36.22 provides that a person convicted of either a felony or misdemeanor may file a motion for a new trial, a motion in arrest of judgment, or any other application for relief, but all motions or applications must be filed prior to the time fixed to file a notice of appeal.

██ A notice of appeal filed prior to the disposition of a post-trial motion has no effect, and a new notice of appeal must be filed within the prescribed time dated from the entry of the order dealing with the post-trial motion or from the expiration of the thirty days allowed in the absence of a ruling. *Lawrence Bros. v. R.J. Jones Excavating Contractor*, 318 Ark. 328, 884 S.W.2d 620 (1994). The timely filing of a notice of appeal is jurisdictional. *Giacona v. State*, 39 Ark. App. 101, 839 S.W.2d 228 (1992). We find that the appellant failed to file a timely notice of appeal and as a result, this Court lacks jurisdiction to entertain the matter. We, therefore, dismiss the appeal.

Appeal dismissed.

PITTMAN and ROGERS, JJ., agree.