Robert Lee DAVIS v. STATE of Arkansas

CR 95-1168                                                924 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered June 10, 1996
[Petition for rehearing denied July 1, 1996.*]

---

* Dudley, J., not participating.

*Heather Patrice Hogobrooks,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Robert Lee Davis was convicted of two counts of possession of a controlled substance with intent to deliver. He was sentenced to 33 years' imprisonment. His sole point on appeal is that he was denied a speedy trial in violation of Ark. R. Crim. P. 28.1. We must affirm the conviction as Mr. Davis's abstract of the record is flagrantly deficient.

Mr. Davis's abstract shows he was arrested January 13, 1993, and admitted to bail the following day. He was tried on May 24, 1995, which was obviously more than the time permitted by Rule 28.1 for bringing him to trial. We have, however, no way of knowing if the Trial Court properly found that a sufficient number of days were excluded from that time in accordance with Rule 28.3.

Although the abstract indicates Mr. Davis moved to dismiss for lack of a speedy trial on March 14, 1995, the substance of the motion is not abstracted. The Trial Court's ruling on the motion is not abstracted. The abstract indicates that there were motions for continuances by Mr. Davis, which apparently were granted. Neither the grounds asserted for the continuances nor the Trial Court's orders in response to those motions are abstracted.

Apparently a hearing was held on September 12, 1994, concerning the speedy-trial motion. The hearing has not been abstracted. The abstract refers to a motion for reconsideration, apparently of an order denying the motion to dismiss, but the substance of the motion is not abstracted. The abstract does not contain the Trial Court's ruling on the motion. The abstract does not contain the jury verdict, the judgment and commitment order, or Mr. Davis's notice of appeal.

With only one record on appeal and seven justices, it is essential that the material parts of the record be abstracted. *Coney* v. *State,* 319 Ark. 709, 894 S.W.2d 583 (1995). *See, e.g., Franklin* v. *State,* 318 Ark. 99, 884 S.W.2d 246 (1994); *Britton* v. *State,* 316 Ark. 219, 870 S.W.2d 762 (1994). When an abstract is so deficient that

we cannot discern what happened in the Trial Court, we must affirm. *Franklin* v. *State, supra.*

Affirmed.

DUDLEY, J., not participating.