Daniel J. JEWELL and Bryan Rodgers *v.* MILLER COUNTY
ELECTION COMMISSION, et al.; Gary Bailey, et al.,
Intervenors

95-1322                                    936 S.W.2d 754

Supreme Court of Arkansas
Opinion delivered February 3, 1997

[Petition for rehearing denied March 10, 1997.]

*Law Firm of Stephen T. Arnold,* by: *Stephen T. Arnold,* for
appellants.

*Thomas H. Johnson,* for appellees.

*Atchley, Russell, Waldrop, & Hlavinka, L.L.P.,* by: *J. Dennis
Chambers,* for appellees-intervenors.

DAVID NEWBERN, Justice. This appeal has arisen from the
tortured recent history of city government in Texarkana. The
issue presented is whether the General Assembly's attempt to rem-
edy the situation by passage of Act 8 of the First Extraordinary
Session of 1995 violates the constitutional prohibition against spe-
cial or local legislation. Ark. Const. amend. 14. The Circuit
Court held Act 8 was not unconstitutional. We affirm the deci-
sion because the appellants' abstract is flagrantly deficient.

Texarkana has a city-manager form of government. Prior to
and during the six-year duration of the dispute over the manner of
electing the City's directors, four directors were elected from dis-
crete districts, and three were elected at large. That system was
held to violate the federal Voting Rights Act because it deprived

African-American citizens of an equal opportunity to participate in the political process. *Williams v. City of Texarkana,* 861 F. Supp. 756 (W.D. Ark. 1992), *supp. op.,* 861 F. Supp. 771 (W.D. Ark. 1993). At a subsequent election, the voters of Texarkana approved a system by which six directors would be elected from districts and one at large, *i.e.,* a "6-1 plan." For some time thereafter, incumbent officials declined to hold an election under the 6-1 plan as they claimed they interpreted the order of the United States District Court to require that all seven directors be elected from districts. The argument on the other side was that the District Court order contained no provision suggesting the system approved by the voters would be considered illegal.

On appeal, the District Court's order was affirmed, and the argument that the 6-1 plan would violate the Voting Rights Act was rejected. The United States Court of Appeals for the Eighth Circuit declined to rule on that issue as it had not been decided by the District Court. *Williams v. City of Texarkana,* 32 F.3d 1265 (8th Cir. 1994). The parties appeared again before the District Court which accepted a settlement on attorney's fees but declined to rule further in the matter as it involved interpretations of state law on the manner of calling special elections. The parties continued to wrangle.

Act 8 is the second of two attempts by the General Assembly to deal with the situation. The first, Act 750 of 1995, was opined by the Attorney General to be ineffective in prescribing a means of electing officials under a system of government already adopted. Act 8 purports to accomplish that purpose.

The contention that Act 8 is unconstitutional is based on its opening provision that it applies

> only to a city with the city manager form of government in which the Arkansas city is divided by a street state line from an incorporated city or town in an adjoining state and the city or town in the adjoining state is of greater population than the Arkansas city or town. . . .

As mentioned above, the Miller County Circuit Court determined that Act 8 was not in violation of Amendment 14 to the Constitution of Arkansas. From the appellants' abstract of the

Circuit Court's order, we cannot determine why. The judgment is abstracted as follows: "December 15, 1995 judgment holding that Act 8 of the First Extraordinary Session of 1995 is constitutional." Other parts of the abstract are equally cryptic. Pleadings and exhibits are referred to without any designation as to who presented them.

*Jolly v. Hartje,* 294 Ark. 16, 740 S.W.2d 143 (1987), is one of many cases in which we have expressed the need for an abstract of the record sufficient to allow us to know what happened in the case. We wrote:

> This four-volume record contains 551 pages. We do not suggest that irrelevant portions of the trial proceedings should be abstracted. Indeed, the rules provide that the abstract should consist of *"only"* such material parts as are necessary to an understanding of all questions presented to this court for decision. . . . Ordinarily the basic pleadings and judgment or decree appealed from are essential constituents of the abstract, as we have frequently noted.

294 Ark. at 18, 740 S.W.2d at 144 (citations omitted).

Here, we are confronted with a record of some 1500 pages plus exhibits in six volumes. We have a nine-page abstract that leaves out the most basic information and is otherwise most difficult to decipher. The appellants' abstract does not comply with Arkansas Supreme Court and Court of Appeals Rule 4-2. We deem it flagrantly deficient, and thus we affirm the judgment. Ark. Sup. Ct. R. 4-2(b)(2).

Affirmed.