Karsten CANNON *v.* STATE of Arkansas

CA CR 96-1018                                        947 S.W.2d 409

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered July 2, 1997

*Thimothy A. Ginn*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant Karsten Cannon appeals his conviction of delivery of a controlled substance for which he was sentenced to 240 months' incarceration. On appeal, appellant argues that the judgment should be reversed because he was forced to appear in court in prison garb, because the trial court admitted a lab report in violation of the controlling statute, and because the evidence was insufficient to support the verdict.

We affirm the judgment on the basis that appellant's abstract is flagrantly deficient. Appellant did not abstract the judgment and commitment order, the jury's verdict, the sentencing before the court, or the notice of appeal. One must go to the record to determine of what crime appellant was convicted and whether he timely filed a notice of appeal. Pursuant to Ark. R. Sup. Ct. 4-2(a)(6) and case law interpreting the rule, appellant's abstract is inadequate for us to reach the merits of his appeal. The following language from *King v. State*, 325 Ark. 313, 925 S.W.2d 159 (1996), is informative on the effect of failing to abstract pertinent pleadings:

We have often held that a summary of the pleadings and the judgment appealed from are the bare essentials of an abstract. *D. Hawkins, Inc. v. Schumacher*, 322 Ark. 437, 909 S.W.2d 640 (1995). This court does not presume error simply because an appeal is made. *Mayo v. State*, 324 Ark. 322, 920 S.W.2d 843 (1996). It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted. *Midgett v. State*, 316 Ark. 553, 873 S.W.2d 165 (1994).

*Id.* at 315, 925 S.W.2d at 160.

We are aware of the recent decision by the Supreme Court, *Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997), in which the appellants failed to abstract the judgment and commitment order, and the supreme court still chose to address the merits. In *Williams*, the court stated:

We choose not to declare Mr. Williams's abstract "flagrantly deficient." Except for the omission of the judgment and commitment order, the abstract is complete and exemplary. We know from his uncontested statement of the case that Mr. Williams was convicted of conspiracy to deliver methamphetamine and that he was sentenced to thirty years' imprisonment for that offense. We are aware that in other cases, such as the recent decision in *Jewell v. Miller County Election Comm'n*, 327 Ark. 153, 936 S.W.2d 754 (1997), we have declined to look to other parts of a brief or abstract to find information that should have been included elsewhere. That, however, was a case in which we were given a nine-page abstract to depict a 1500–page record and six volumes of exhibits. Even in the case of *Winters v. Elders, supra*, where we declared an abstract of the judgment "essential," we had an additional reason for affirmance based on incompleteness of the record. While an abstract of the judgment from which the appeal comes is "ordinarily" required, its absence does not necessarily constitute a flagrant deficiency requiring affirmance, and it does not in this case.

*Id.* at 490, 944 S.W.2d at 824.

Unlike the appellant in *Williams*, appellant in the present case failed to abstract more than just the judgment and commitment order. The only pleading in the abstract is the information charging appellant. Also, in the case at bar, the statement of the case

does not provide the crime of which appellant was convicted. And, the notice of appeal is not abstracted. See *Davis v. State*, 325 Ark. 36, 924 S.W.2d 452 (1996) (holding an abstract that did not include several pleadings, including the jury verdict, the judgment and commitment order, and the notice of appeal insufficient).

■ The dissenting opinion states that appellant's conviction as evidenced by the judgment and commitment order, the timeliness of his appeal, and circumstances of his sentencing are not issues on appeal and, therefore, not necessary components of the abstract. This line of reasoning ignores the fact that the timely filing of a notice of appeal is a jurisdictional requirement. *Henry v. State*, 49 Ark. App. 16, 894 S.W.2d 610 (1995). Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Id. See also Parnell v. State*, 320 Ark. 250, 895 S.W.2d 911 (1995); *Schaeffer v. City of Russellville*, 52 Ark. App. 184, 916 S.W.2d 134 (1996). Therefore, whether appellant filed an effective notice of appeal is always an issue before the appellate court.

The dissenting opinion also reasons that this court can address appellant's argument that he should not have been required to appear for trial in prison attire when he and his attorney failed to obtain civilian clothing prior to the morning of trial. The basis of this argument is that the abstract contains the arguments before the trial court concerning the clothing and the references to appellant's attire as "jail garb," "prison garb," and "jail uniform." The error in this reasoning is that, although the abstract contains the references to appellant's clothing as prison attire, there is no description of that attire showing that it is distinctive as prison garb.

■ While it is generally true that a defendant should not be forced to appear for trial in prison attire and that this rule is founded on the principle that, since a defendant is presumed innocent until proven guilty, he should be allowed to appear before the jury with the appearance of an innocent man, for this rule to apply, the clothing or attire must be distinctive as prison garb. *Washington v. State*, 6 Ark. App. 23, 637 S.W.2d 614 (1982) (citing *Estelle v. Williams*, 425 U.S. 501 (1976)). *See also Holloway v.*

*State*, 260 Ark. 250, 539 S.W.2d 435 (1976), *rev'd on other grounds*, 435 U.S. 475 (1978). In the present case, there is no description of the jail attire that appellant wore at trial. This precludes appellant from prevailing on this issue on appeal. In *Barksdale v. State*, 255 Ark. 272, 499 S.W.2d 851 (1973), the supreme court explained:

> The court properly denied appellant's motion for a mistrial on the grounds that he was wearing prison garb. The record shows that appellant was wearing bell-bottom white trousers, a gold shirt, a white and brown striped jacket, and house shoes. There is no evidence of any name or number on the apparel. Nor do we find any merit in the allegation that appellant was brought handcuffed in full view of the jury.

*Id.* at 274, 499 S.W.2d at 852. *See also Washington v. State*, 6 Ark. App. 23, 637 S.W.2d 614 (1982) (noting that from the record it was not clear that defendant's orange jumpsuit was distinctive as jail attire).

In the present case, we have no description of appellant's prison attire whatsoever. There is no evidence that his clothing had a name, number, or other indicia of prison attire. Therefore, this court does not have a basis upon which to determine that appellant's prison attire was distinctive as such, which is essential to appellant's argument on this point. *See Washington, supra.*

■ Applying the well-established rules that were reiterated in *King, supra,* and *Davis, supra,* the abstract in the present case is flagrantly deficient. However, if we were to reach the merits of appellant's arguments, based on what we have been provided in the abstract, we would affirm.

Affirmed.

STROUD and MEADS, JJ., agree.

NEAL, GRIFFEN, and ROAF, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I dissent from the decision announced in the prevailing opinion that affirms the trial court's disregard of appellant's timely and uncontested objection to being brought to trial wearing prison clothing based on what

the prevailing opinion has termed an abstracting error. Contrary to the view stated in the prevailing opinion, the appellant has produced an abstract that clearly demonstrates that the trial judge acknowledged that appellant was wearing "jail garb," and that his lawyer had indicated that he did not want the appellant to appear before the jury so dressed. The abstract also demonstrates that the trial judge later stated that he would hold appellant's counsel in contempt for refusing to bring appellant to trial in what counsel termed "his prison garb." The abstract reveals that after the jury was impaneled, the trial judge mentioned to appellant's counsel during a sidebar conference that he (the judge) noticed that appellant was still wearing "a jail uniform." Nothing in the abstract or the record disputes appellant's assertion that he was wearing clothing that plainly identified him as a member of a prison population, and the State never disputed appellant's characterization of his attire before the trial judge. Thus, there is no justification for the conclusion urged by the State and reached in the prevailing opinion, that appellant either failed to preserve the trial court's blatant error or filed a flagrantly defective abstract, that prevents us from understanding the issue presented for appellate review.

For almost twenty-seven years, Arkansas courts have recognized that a person accused of committing a crime should not be forced to stand trial in prison clothing absent a waiver. Our supreme court issued that ruling in *Miller v. State*, 249 Ark. 3, 457 S.W.2d 848 (1970). The United States Supreme Court reached the same conclusion twenty-one years ago in *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). In *Miller*, our supreme court reversed the appellant's robbery conviction based upon his contention that he was forced to trial in prison garb after being denied the opportunity to obtain civilian clothing, and issued the following statement as its reason for joining the strong majority rule that absent a waiver an accused person should not be forced to trial in prison garb:

> Since the defendant, pending and during the trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear

civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.

*Id.* at 249 Ark. 6, *quoting* 21 AM. JUR. 2d *Criminal Law*, § 239.

As the Supreme Court of the United States observed in *Estelle v. Williams, supra,* the constant reminder of the accused's condition may affect a juror's judgment. "The defendant's clothing is so likely to be a continuing influence throughout the trial that, not unlike placing a jury in the custody of deputy sheriffs who were also witnesses for the prosecution, an unacceptable risk is presented of impermissible factors coming into play." 425 U.S. at 505. The Supreme Court observed that compelling an accused to wear jail clothing furthers no essential state policy, and the fact that it may be more convenient for jail administrators provides no justification for the practice. *Id.* at 505. The Court also termed "troubling" the fact that compelling the accused to stand trial in jail garb operates usually against only those who cannot post bail prior to trial. *Id.* Based on its view of these factors and their impact on the right of persons accused of crime to a fair trial, and the fact that the presumption of innocence is "a basic component of a fair trial under our system of criminal justice," the Court concluded in *Estelle v. Williams* that although the State cannot compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

The prevailing opinion ignores these fundamental realities as well as the undisputed portions of the abstract that have been offered in support of appellant's challenge to his conviction. If the fact of appellant's conviction, the timeliness of his appeal, or the circumstances of his sentencing were issues raised in this appeal, the absence of the judgment and commitment order, appellant's sentencing in the trial court, and the notice of appeal, would constitute defects so that the position stated in the prevailing opinion might have merit. The truth is that these are not the issues raised

in the appeal. To focus on them is to study the irrelevant and disregard an essential issue presented for appellate review.

It is especially revealing that the prevailing opinion has seized on appellant's failure to abstract the notice of appeal in an effort to justify affirming a flagrant constitutional violation by the trial court. The prevailing opinion correctly states that the timely filing of a notice of appeal is a jurisdictional requisite for appellate review, as if the timeliness of appellant's appeal is in question. The plain truth is that nobody has ever questioned the timeliness of the appeal. Furthermore, the proponents of the prevailing opinion do not argue that failure to abstract a notice of appeal has ever been held to mean that an appeal is not timely. Nevertheless, they have rushed to press this flimsy reason in order to affirm. The flimsiness of their reason is obvious. In the first place, appellant's appeal was filed on time. Nobody has ever denied this fact, and no amount of mental sleight-of-hand can establish otherwise. Beyond that, however, there is plain and profound difference between lack of jurisdiction to hear an appeal because it is not timely, and a timely appeal that has an incomplete abstract. Rule 4–2 governing the contents of briefs filed in appeals in Arkansas plainly provides that motions to dismiss an appeal for insufficiency of the appellant's abstract will not be recognized. Rule 4–2(b). If an appeal is untimely, we must dismiss it for lack of jurisdiction, not summarily affirm the result below. The reason we cannot summarily affirm an untimely appeal is because we have no jurisdiction to consider it in the first place. The prevailing opinion ignores this basic reality in the effort to justify the abuse of appellant's right to a fair trial.

But since the prevailing opinion has relied upon what it considers flagrant deficiencies in appellant's abstract, I am obliged to refer to Rule 4–2(b) to demonstrate that the rule requires a reasoning process that the proponents of the prevailing opinion have refused to undertake. Rule 4–2(b)(1) provides that if the appellee considers the appellant's abstract to be defective, the appellee's brief may call the deficiencies to the Court's attention and may, at the appellee's option, contain a supplemental abstract. Rule 4–2(b)(2) then provides as follows:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract, the Court may treat the question when the case is submitted on the merits. If the Court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. *If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).* (Emphasis added.)

I can think of nothing more "unduly" harsh to someone whose right to a fair trial has been violated by being compelled to wear prison clothing before the jury than for his appeal to be summarily affirmed on account of an abstracting error. The prevailing opinion does not mention the harshness of summary affirmance because its proponents have not addressed its harshness due to what I consider extraordinary reluctance to address appellant's fair trial argument on its merits. When one understands the flagrant fallacy of linking appellant's failure to abstract the notice of appeal to the nonexistent issue of whether the notice of appeal was timely so as to deprive us of jurisdiction to even address an abstracting deficiency, the prevailing opinion's effort to justify affirming the trial court on account of purported abstracting errors must be seen as sorrowful at its best, outrageous at its worst. That the prevailing opinion cites the Supreme Court's recent decision in *Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997), and nevertheless concluded that affirmance is mandated makes this decision especially brazen.

The members of our court who join in the prevailing opinion have also indicated that they would affirm even if they were to reach the merits of appellant's argument. Although the State claims that appellant was not compelled to stand trial wearing prison garb, the abstract that the prevailing opinion has chosen to disregard plainly shows that the trial judge remarked with apparent displeasure that the appellant's appointed counsel had objected to being tried wearing the prison clothing. After that objection was made, the following exchange occurred between the trial judge and appellant's counsel:

MR. GINN: Your Honor, you just instructed me to go and get him [appellant] out of the hallway and bring him here in his prison garb. If I refuse to do that, will I be held in contempt?

THE COURT: Yes, sir, you sure will.

MR. GINN: In that case, Your Honor, I'm gonna follow the Court's instruction only under the threat of jail or other punishment for contempt.

THE COURT: That's fine. That's the way it's going to have to be. It is now a couple of minutes past ten.

MR. GINN: I object to my being forced to do this. I object to the fact that he has to be brought in his prison clothes and my going to get him—I don't want that construed that I am agreeing with the Court.

After court convened the abstract shows that the following exchange occurred:

THE COURT: Court will be in session. Show on the record that it's 10:20. Today's case is the State of Arkansas versus Karsten Cannon. How says the State?

MR. FAIRLEY (counsel for the prosecution): The State is ready, your Honor.

THE COURT: How says the defense?

MR. GINN: The defense is ready, save for the objections made earlier.

THE COURT: All right, that objection's already been noted and the Court's ruled on it.

Following jury selection and lunch, the following sidebar exchange occurred:

THE COURT: Mr. Ginn, it is now one o'clock and I notice he's still wearing a jail uniform. Did his family not come up here with a change of clothes?

MR. GINN: Apparently not.

THE COURT: I want the record to reflect that we had a recess and it is still not here and there's no assurance that it would ever be here. I just don't want it to happen again.

MR. GINN: For the record, if the Court had allowed us, we would have gone out to Wal-Mart and gotten him some clothes.

THE COURT: That should have been done yesterday — if it is any big deal — which I don't think it is.

MR. GINN: As far as whether or not we would have gotten him any now during lunch, I don't see there's any use. He's already been paraded in front of the jury.

THE COURT: That may be true, but I want it in the record that they've had ample opportunity and it still hasn't been here yet.

This series of comments between the trial judge and appellant's appointed counsel disproves the State's argument that appellant was not "compelled" to wear jail clothing.

The State also argues that appellant failed to show that he was prejudiced by appearing before the jury in prison garb. Aside from conceding that appellant did appear before the jury in prison garb (as appellant's abstract plainly shows), this argument has already been rejected by the holdings in *Estelle v. Williams*, *Miller v. State*, and a host of other decisions. The right to a fair trial does not depend on whether the person exercising it can show that it is violated by wearing prison clothing. As our supreme court observed in *Miller v. State*, absent a waiver, the law holds that an accused person should not be forced to stand trial in prison garb. Requiring that one do so is prejudicial to the right to fair trial in itself, without additional proof of harm, because of the possible impairment of the presumption of innocence that is so basic to our criminal justice system. *Estelle v. Williams*, *supra*, 425 U.S. 504. The prevailing opinion does not indicate how its proponents have been able to dismiss this principle in favor of the long-rejected position asserted by the State.

The State also claims that appellant's objection was untimely. If this is the reason that the proponents of the prevailing opinion have voted to affirm, then it is both inaccurate and ironic. Its inaccuracy arises from the fact that appellant's objection to being tried in prison attire was made out of the presence of the potential jurors and to the trial court before trial began. This case is different from *Young v. State*, 283 Ark. 435, 678 S.W.2d 329 (1984), where our supreme court affirmed a trial court's denial of an appellant's motion for mistrial based on the fact that he stood trial wearing prison garb because the objection was not raised until after the jury was seated. In the case before us, no jury had been

impaneled, *voir dire* had not commenced, and appellant had not been presented to the trial court when his counsel objected.

Furthermore, it is ironic that the State argues that appellant's objection was untimely if this is the basis for the view taken by the proponents of the prevailing opinion that they would affirm if they dealt with this appeal on the merits. The irony lies in the fact that the State never contended before the trial court that appellant's objection was untimely. The State has not presented us with a supplemental abstract containing the argument that it resisted appellant's objection as untimely before the trial court. As far as the record is concerned, the State's claim of untimeliness is being raised for the first time in response to appellant's appeal. I find it both ironic and more than slightly unfair that an appeal involving plain proof of a constitutional violation is being denied on an alleged abstracting error by decision-makers who contend that if they addressed the appeal on its merits, they would reach the same result by disregarding our own principle of not considering arguments raised for the first time on appeal.

Whether it would have been smart trial strategy to present appellant for trial wearing the same garments that he wore when he was arrested is beside the point. Appellant had a right to wear civilian clothing during his trial. If he chose to be tried wearing civilian clothing that made him easier to be identified by the police officers who arrested him for sale of a controlled substance, that was his choice to make. The right to appear for trial in civilian clothes carries with it the freedom to unwisely select one's clothes, and the fact that appellant might have made an unsound choice does not justify denying his right to wear civilian clothes at all.

Finally, it is amazing that the prevailing opinion acknowledges that a defendant should not be forced to trial wearing prison attire based on the principle that doing so would impermissibly contradict the presumption that one is innocent until proven guilty, yet reasons that appellant's challenge to the trial court's action compelling him to stand trial in what the trial judge plainly called "a jail uniform" is unpersuasive because appellant failed to prove that the jail uniform was distinctive. What makes that rea-

soning amazing is that one would ordinarily think that appellate judges would respect the basic intelligence of a trial judge enough to believe that the judge knew a jail uniform when he said that he saw one, and that we would respect the integrity of the trial judge enough to at least not implicitly question whether he actually saw somebody wearing a jail uniform in the middle of a trial when he said that he saw it on the record. If this appeal did not involve something as fundamental and serious as the cherished right to a fair trial then the prevailing opinion's assertion that appellant failed to establish that his clothing distinguished him as a member of a prison population after the trial judge said that he saw appellant sitting in the courtroom wearing "a jail uniform" would be as amusing as it is amazing. However, there is nothing funny about being denied a fair trial, no matter how absurd the reasons may be for affirming that denial.

For these reasons, I respectfully dissent from the result announced by the prevailing opinion. Instead of affirming the result below, I would reverse appellant's conviction and remand his case for a new trial.

I am authorized to state that Judges NEAL and ROAF join in this opinion.