Philip AKA, Special Administrator
of the Estate of Evangeline Aka *v.*
JEFFERSON HOSPITAL ASSOCIATION, *et al.*

CA 99-1366 13 S.W.3d 224

Court of Appeals of Arkansas
En Banc
Opinion delivered March 29, 2000

*Morgan Welch & Associates*, by: *Morgan E. Welch*, for appellant.

*Friday, Eldredge & Clark*, by: *J. Phillip Malcom* and *Robert S. Shafer*, for appellees Erma Washington and Associates.

*Anderson, Murphy, & Hopkins*, by: *Overton S. Anderson*, for appellee Erma Washington, individually.

Per Curiam. Appellees Erma Washington and Associates ("Associates") and Erma Washington individually ("Washington") have filed motions to dismiss appellant's appeal as to them. They contend that appellant's notice of appeal was insufficient to vest jurisdiction in this court over them or over the order dismissing them from the case because the notice of appeal did not specifically name them or the interlocutory, partial summary-judgment orders by which they were dismissed from the case. We find no merit in appellees' motions, and we deny them.

Appellees Associates and Washington were two of a number of defendants who were sued by appellant. These appellees were dismissed from the lawsuit by orders of summary judgment in August 1998. Because those orders did not decide all of the claims or the rights of all of the parties to the lawsuit, they were not final ones that could then be appealed. *See* Ark. R. Civ. P. 54(b); Ark. R. App. P.—Civ. 2(a). The case then went to trial against the other defendants in the case, resulting in a jury verdict in favor of those defendants. A judgment was entered on the jury verdict on March 8, 1999, and an order denying appellant's motion for a new trial was entered on April 22, 1999. Appellant then filed a notice of appeal stating that he was appealing the jury verdict, the March 8 judgment on the verdict, and the April 22 denial of his new-trial motion. Appellant's notice did not name Associates or Washington as appellees and did not state that he was appealing from the August 1998 partial summary-judgment orders that dismissed Associates and Washington from the case.

Appellees argue that appellant's notice of appeal was fatally defective as to them because it did not specifically name them or the August 1998 orders. Appellees rely upon Ark. R. App. P.—Civ. 3(e) and this court's case of *Arkansas Dep't of Human Servs. v. Shipman*, 25 Ark. App. 247, 756 S.W.2d 930 (1988). Rule 3(e) provides

in pertinent part that "[a] notice of appeal or cross-appeal shall specify the party or parties *taking the appeal*; shall designate the judgment, decree, order or part thereof *appealed from* and shall designate the contents of the record." (Emphasis added.) In *Shipman*, the Department of Human Services (DHS) filed a notice of appeal that stated that DHS was appealing from a September 4, 1987, order appointing a Mr. and Mrs. Boudra as continuing custodians of a child in foster care. We held that that notice of appeal was insufficient under Rule 3(e) to effect an appeal by three individual DHS employees who had been held in criminal contempt of court by the same chancellor in an August 28, 1987, order. We held that a contemner who is not a named party in the original proceeding but who is held in contempt must file a notice of appeal in his own right, specifying that he is appealing from the order holding him in contempt.

■ Neither Rule 3(e) nor the *Shipman* case require a dismissal of appellant's appeal against appellees Associates and Washington. As noted above, Rule 3(e) requires that the party *taking the appeal* and the order being *appealed from* be specified in the notice of appeal. Appellant's failure to specifically name individual appellees simply is not violative of the rule and is not something that deprives this court of jurisdiction.

■ Likewise, appellant's failure to name interlocutory orders in his notice of appeal is not fatal. Clearly, any order that adjudicates fewer than all of the claims or rights and liabilities of fewer that all of the parties is not final for the purposes of appeal in the absence of an express direction for the entry of final judgment by the trial court. Ark. R. Civ. P. 54(b). No express direction was made in this case, and the summary judgments in favor of appellees Associates and Washington were interlocutory only and not final or appealable. Indeed, such orders are subject to revision at any time prior to entry of the final judgment. *Id.* Just as clearly, subject to exceptions not applicable here, an appeal may only be "taken from" a final order, *see* Ark. R. App. P.—Civ. 2(a), and "[a]*n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment.*" Ark. R. App. P.—Civ. 2(b) (emphasis added); *see DeClerk v. Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982).

*Arkansas Department of Human Services v. Shipman, supra,* and *Daniel v. State,* 64 Ark. App. 98, 983 S.W.2d 146 (1998), cited in the

dissent, are plainly distinguishable. The criminal contempt order not specified in the notice of appeal in *Shipman* was clearly a *final* order in its own right, did not involve the merits of the underlying juvenile case or affect the judgment thereon, and was directed at individuals other than the named parties to the action in which the allegedly contumacious conduct occurred. The failure of those individuals to file a notice of appeal stating that they were appealing from the final, appealable contempt order is what prevented us from addressing their arguments regarding the finding of contempt. In *Daniel*, we could not reach the appellant's arguments "[b]ecause the *final appealable order* was not designated in appellant's notice of appeal." *Daniel v. State*, 64 Ark. App. at 100, 983 S.W.2d at 147 (emphasis added).

Here, the summary-judgment orders decided the parties' rights with respect to claims against two of the defendants. Without those orders, the order entered on the jury verdict would not have been final, and vice versa. We do not agree with the dissenting judges' argument that the summary-judgment orders did not "involve the merits" of the case or "necessarily affect" the judgment.

 Appellant's notice of appeal provided that he was appealing, *inter alia*, the judgment entered on the jury verdict (which disposed of all of the remaining claims and decided the rights and liabilities of all of the remaining parties) and the denial of his motion for a new trial, and designated the entire proceedings below as the record on appeal. He did not fail to designate the final order from which the appeal was being taken. Nothing more was required of him to bring up for review intermediate orders such as the summary judgments in favor of appellees Associates and Washington.[1]

---

[1] While we continue to adhere to our holding in *Arkansas Department of Human Services v. Shipman, supra*, and have analyzed these motions in accordance with our understanding of that case, it should also be pointed out that there is at least some doubt whether the failure to designate even the final order appealed from is necessarily fatal. As noted in the dissent, the supreme court in *Lilly v. Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989), voiced its approval of our refusal to review the contempt order in *Shipman*. However, the supreme court did so only on the basis that the three individuals held in contempt were not parties to the appeal; the court said nothing about the failure to specifically designate the contempt order. Moreover, in *Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991), the supreme court expressly declined to hold the failure to designate the order appealed from to be a fatal defect.

BIRD, CRABTREE, and GRIFFEN, JJ., dissent.

ROAF, J., and HAYS, SPECIAL JUDGE, not participating.

SAM BIRD, Judge, dissenting. This court, sitting en banc, has denied a motion by two of the appellees in this case, Erma Washington and Associates (referred to hereinafter as Associates) Erma Washington, M.D. (referred to hereinafter as Washington), to dismiss this appeal as to them because of appellant's noncompliance with Rule 3(e) of the Arkansas Rules of Appellate Procedure. I respectfully dissent from the court's decision because I believe that it disregards precedent and, therefore, creates confusion to the point of rendering Rule 3(e) meaningless.

From the record before us, it appears that suit was filed in Jefferson County Circuit Court against several defendants, including Associates and Washington, alleging medical malpractice. The complaint alleged that Associates was liable under the theory of respondeat superior for the acts of Washington and Dr. Betty Orange. Washington filed a motion for summary judgment, contending that, at the time of the occurrence of the events constituting the alleged medical malpractice, she was acting in her capacity as a part-time employee and consultant of Jefferson Regional Medical Center's AHEC program, and that she was acting in her capacity as an employee of the State of Arkansas at the "critical times" relating to the malpractice allegations. Therefore, she claimed immunity from suit under the doctrine of sovereign immunity. On August 11, 1998, the trial court entered an order granting Washington's motion for summary judgment, thereby dismissing her from the case.

Thereafter, appellant moved the court for leave to file an interlocutory appeal from the order granting summary judgment in Washington's favor. At a hearing on that motion, the court noted that if appellant pursued the interlocutory appeal, it would necessarily result in the loss of a scheduled trial date, and the court gave appellant the option of pursuing the interlocutory appeal with leave of the court or trying the case as scheduled against the remaining defendants. On August 17, 1998, appellant's counsel notified the court by letter of his preference to retain the scheduled trial date, and "save our record concerning the issue of Dr. Washington until after the matter has been tried."

Associates filed a motion for partial summary judgment contending that, under existing law, a wrongful-death action may not be maintained on behalf of an unborn fetus. On August 4, 1997, the trial court entered an order granting Associates's motion for partial summary judgment. Associates also filed a motion for summary judgment contending that, since neither Orange nor Washington were employees of Associates at the time of the alleged malpractice claim, Associates cannot be liable under the doctrine of respondeat superior. An order granting Associates's motion for summary judgment was entered on August 21, 1998.

The case then went to trial against the remaining defendants, resulting in a verdict in favor of all defendants. A motion for new trial was denied.

Appellant then filed a notice of appeal and an amended notice of appeal (collectively referred to hereinafter as the "notice of appeal") in which he specified that he was appealing from the adverse jury verdict of February 17, 1999, the ensuing judgment on the jury verdict entered March 8, 1999, and the order denying his motion for a new trial entered April 22, 1999. The problem, as it relates to Associates's and Washington's motions to dismiss denied by this court today, is that appellant's notice of appeal does not designate that he is appealing from the trial court's order entered on August 11, 1998, granting Washington's motion for summary judgment, the order entered August 20, 1998, granting Associates motion for partial summary judgment, nor the order entered August 21, 1998, granting Associates's motion for summary judgment. Furthermore, the notice of appeal does not refer to Associates and Washington as parties against whom the appeal is to be prosecuted.[1] The only information contained in the notice of appeal from which one might speculate that appellant intended to pursue an appeal of the orders granting summary judgment in favor of Associates and Washington, respectively, is a statement contained therein to the effect that jurisdiction exists by virtue of the fact that the appeal involves, "the interpretation of the Constitution of Arkansas as it applies to the rights of unborn children in medical malpractice actions and issues of sovereign immunity as they relate to 'part time' State employees who are physicians."

---

[1] Although Rule 3(e) does not require the identification of the parties against whom the appeal is taken, appellant's notice identified all the defendant's in the lawsuit except Associates and Washington.

Rule 3(e) of the Arkansas Rules of Appellate Procedure states, in part, that a notice of appeal "shall specify the party or parties taking the appeal; shall designate the judgment, decree or order or part thereof appealed from and shall designate the contents of the record on appeal. ..." While appellant's notice of appeal partially complies with the above-quoted provisions of the rule in that they identify the party taking the appeal, the notices do not specify in any manner, expressly or by inference, that the appeal will challenge the propriety of the court's orders of August 11, 1998, and August 20, 1998, and August 21, 1998, granting summary judgments in favor of Washington and Associates.

The filing of a notice of appeal is jurisdictional. *Brady v. Alken,* 273 Ark. 147, 617 S.W.2d 358 (1981); *Henry v. State,* 49 Ark. App. 16, 894 S.W.2d 610 (1995). Absent an effective notice of appeal, this court lacks jurisdiction to consider the appeal and must dismiss it. *Cannon v. State,* 58 Ark. App. 182, 947 S.W.2d 409 (1997). *See also Parnell v. State,* 320 Ark. 250, 895 S.W.2d 911 (1995); *Schaeffer v. City of Russellville,* 52 Ark. App. 184, 916 S.W.2d 134 (1996). Therefore, whether appellant filed an effective notice of appeal is always an issue before the appellate court.

In our motion conference, the majority concluded that the notice of appeal filed by appellant substantially complies with the requirements of Rule 3(e), and they relied on *Rogers v. Tudor Ins. Co.,* 325 Ark. 226, 925 S.W.2d 395 (1996), in support of their position that Associates's and Washington's motions to dismiss the appeal should be denied. I do not believe that *Rogers* constitutes authority for the majority's conclusion. In fact, I believe *Rogers* is contrary to the majority's decision.

In *Rogers,* an appellee moved to dismiss an appeal on the grounds that the appellant's notice of appeal was ineffective because it did not state that the transcript had been ordered from the court reporter, as required by Rule 3(e). Instead, appellant's notice stated that no transcript had been ordered because no testimony was taken and that the appeal would be based entirely on pleadings, motions, and orders on file in the clerk's office. The supreme court held that the appellant had substantially complied with Rule 3(e) and that appellee had not been prejudiced because appellant's failure to state that the transcript had been ordered from the court reporter was of no consequence where there was no testimony to be transcribed,

and where appellant had filed a designation of the record two weeks after filing the notice of appeal. The court stated:

> [W]e discern no intent on Rogers' part to disregard Rule 3(e). Moreover, there was no prejudice to Tudor Insurance occasioned by the failure to designate the record or to state that the transcript had been ordered within the 30-day period. The absence of prejudice, of course, does not automatically determine the substantial-compliance question. But here, the Designation of the Record, which designated the pleadings, motions, and orders, was filed two weeks after the notice of appeal.

*Rogers*, 325 Ark. at 232, 925 S.W.2d at 399.

In my view, an appellant's failure, as here, to designate the very orders from which an appeal is being taken is quite a different matter from an appellant's failure to state that a transcript has been ordered from a court reporter who reported no testimony requiring transcription.

Here, the appellant's failure to designate the orders appealed from can be considered as nothing less than an intent on his part to disregard Rule 3(e), which requires, in no uncertain terms, that the notice of appeal "shall designate the judgment, decree, order or part thereof appealed from." I see no way that a notice of appeal that does not designate the orders appealed from, by title, date, or otherwise, can be considered in substantial compliance with Rule 3(e). Nor do I believe that appellant's reference in his notice of appeal to "the rights of unborn children in medical malpractice actions and issues of sovereign immunity as they relate to 'part time' State employees who are physicians" is adequate to put one on notice that an appeal is being taken from summary-judgment orders that are not identified.[2]

Today's decision to deny the motions disregards earlier decisions on the subject. In *Arkansas Dep't Of Human Servs. v. Shipman*, 25 Ark. App. 247, 756 S.W.2d 930 (1988), we held that the appellant's failure to specify an order in its notice of appeal was fatal to our jurisdiction to review it. In *Shipman*, the trial court had entered several orders in a foster-care case. One order dated August 28,

---

[2] The "rights of unborn children" and "sovereign immunity" statement contained in appellant's notice is apparently an attempt to comply with the requirement of Rule 3(e) that the notice indicate whether jurisdiction of the appeal is in the court of appeals or the supreme court, but it fails to so indicate.

1987, held two social workers and their attorney in criminal contempt of court, and another dated September 4, 1987, related to the merits of the case. The Arkansas Department of Human Services filed a notice of appeal designating only the order dated September 4, 1987, but not the August 28, 1987, criminal-contempt order. This court reviewed the merits of the court's decision as contained in the September 4 order, but declined to review the court's criminal-contempt ruling, stating:

> While we agree that the action of the trial court was inexcusable and could not withstand appellate review, we reluctantly must conclude that the propriety of that action is not properly before us for review. The notice of appeal filed in this case stated that the Department of Human Services appealed from the court's order entered on September 4, 1987. It made no reference to the two social workers or attorney or that they were taking an appeal from the August 28 order holding them in contempt.
>
> ...
>
> Although it is readily apparent that the employees of the Department intended to appeal from their convictions of criminal contempt, we have held that a notice of appeal must be judged by what it recites and not by what it was intended to recite. *Garland v. Windsor Door*, 19 Ark. App. 284, 719 S.W.2d 714 (1986).

*Shipman*, 25 Ark. App. at 252-53, 756 S.W.2d at 933.

In *Lilly v. Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989), a sequel to *Shipman, supra*, the supreme court voiced its approval of our refusal to review the criminal-contempt order in *Shipman*, noting that the social workers and attorney were not parties to the appeal.

More recently, in *Daniel v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998), a juvenile delinquency case, we held that an interim adjudication order dated August 19, 1997, that required the juvenile to return to the court on August 27, 1997, for a disposition hearing, was not a final order for purposes of appeal. Although we had allowed the appellant to supplement the appeal record to include the subsequent disposition order dated September 8, 1997, we held that we lacked jurisdiction to review the merits of appellant's case because the September 8 order was not designated as an order appealed from in appellant's notice of appeal, stating:

> A notice of appeal must designate the judgment or order appealed from, Ark. R. App. P.—Civ. 3(e) (1998), and *orders not*

> mentioned in a notice of appeal are not properly before the appellate court. [Citing *Shipman, supra*]. *Because the final appealable order was not designated in appellant's notice of appeal,* and because the August 19, 1997, order that was designated in appellant's notice is not a final order, *we cannot reach the merits of appellant's argument*regarding the adjudication hearing. (Emphasis added.)

*Daniel*, 64 Ark. App. at 100, 983 S.W.2d at 147.

If it is the intention of the court, in denying Associates's and Washington's motions, to overrule *Shipman* and *Daniel, supra,* and hold that it is no longer necessary that a notice of appeal identify the order appealed from, and that, hereafter, we will see if we can glean any language from the notice of appeal to indicate that an appellant might have intended to appeal a non-designated order, then the court should say so. Otherwise, we should require compliance with the Arkansas Rules of Appellate Procedure as promulgated by the supreme court and as heretofore interpreted.

In addition to creating confusion about what meaning this court will give to Rule 3(e), the majority opinion also confuses the meaning of Ark. R. App. P.—Civ. 2(b). According to the majority opinion, Rule 3(e) requires only that an appellant's notice of appeal designate the "final" order appealed from, and that under Rule 2(b), "[a]n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment."[3] The majority is correct in its statement of the contents of Rule 2(b), but its reliance on that rule in this case is misplaced because the summary-judgment orders of August 11, 1998, August 20, 1998, and August 21, 1998, do not in any way "involve" the merits and "necessarily affect" either the judgment on the jury verdict entered March 8, 1999, or the order denying the motion for new trial entered April 22, 1999. Appellant's causes of action against either Associates or Washington were in no way affected by those two "final" judgments. In fact, appellant could have appealed from

---

[3] A footnote in the majority opinion states, "that there is at least some doubt whether the failure to designate even the final order appealed from is necessarily fatal," apparently suggesting, contrary to the clear language of Rules 2(b) and 3(e), that an appellant may not even be required to designate a final order in the notice of appeal as a prerequisite to appellate review. In the same footnote, the majority notes that in *Jasper v. Johnny's Pizza*, 305 Ark. 318, 807 S.W.2d 664 (1991), the supreme court declined to hold that the failure to designate the order appealed from was a fatal defect. However, it should also be noted that in *Jasper, supra,* the supreme court did not hold the notice of appeal invalid for failure to designate the order appealed from because the notice, having not been timely filed, was otherwise invalid, regardless of the deficiency of its content.

one or more of the court's orders granting summary judgment without pursuing an appeal against the other defendants, and vice versa. The judgment on the jury verdict and the order denying a new trial had nothing whatsoever to do with an appeal from the court's orders granting Associates's and Washington's motions for summary judgment.

Rule 3(e) is clear and unambiguous in its requirement that the notice of appeal designate the judgment, decree, or order from which an appeal is taken. There is no basis to conclude that it means anything other than what it plainly says. I agree with the majority that Ark. R. App. P.—Civ. 2(a) provides that an appeal may only be taken from a final order, but I do not agree that, under Rule 2(b), the designation of one final order brings up for review all orders, final or otherwise, that may have been entered in the case. To the contrary, Rule 2(b) is clear in its terms that an appeal from a final order brings up for review only those *intermediate* orders that *involve the merits* and *necessarily affect* the designated final judgment, decree, or order.

I am as frustrated as any judge on this court with the abyss of rules that require us to dismiss appeals on what seem like technicalities, thereby denying a review on the merits. At the same time, I am aware that this court does not make the rules of appellate procedure; but we are charged with the responsibility of fairly, impartially, and consistently applying them, giving due consideration to past precedent. When we do not consistently apply the rules, we do a disservice to the bar and the litigants.

I have been authorized to state that Judges GRIFFEN and CRAB-TREE join me in this dissent.